RICHARD YANDRASITZ, Respondent, *v.* TEDDY'S THE HOUSE OF SEA FOOD, INC., Appellant.

First Department, June 14, 1955.

*Samuel E. Swiggett* of counsel (*Barrett & Molloy*, attorneys), for appellant.

*Morris Cizner* of counsel (*Zimmerman & Zimmerman*, attorneys), for respondent.

*Per Curiam.* Defendant, an owner of a building being renovated, appeals from a judgment, rendered after a jury verdict, in favor of plaintiff, an injured employee of the contractor hired for the renovation work. The question raised involves the application of the doctrine of *res ipsa loquitur.*

Plaintiff, at the time of the accident, was an employee of Knickerbocker Tile Company, a contractor engaged in renovating the top floor of a four-story building owned by defendant. The building owner maintained at the premises an electric hoist which it permitted the contractor's employees to use for raising materials needed in the renovating work. An engineer of the

building owner instructed the employees in the technique of using the hoist.

When the accident occurred, plaintiff and a fellow employee of the contractor were in the process of lifting lumber with the hoist. Ordinarily these wood planks, over ten feet long, were raised to the fourth floor by a conveyor. But, at the time, the conveyor was in use. For that reason, according to plaintiff, the building owner's engineer told him to " Go ahead and use the hoist ". Plaintiff then tied two planks together and attached them to the hook on the hoist. His fellow employee, operating the hoist, started it up. Suddenly, plaintiff heard the shout " look out ", and the planks fell on him, causing his injury. After the accident, a piece of the hoist's chain was found attached to the hook and the wood planks.

On this state of the evidence, the question of the building owner's negligence was submitted to the jury under a charge permitting a finding of negligence based on the doctrine of *res ipsa loquitur,* the theory on which the case was tried. The jury returned a verdict in favor of plaintiff, but it was unwarranted by the evidence.

The doctrine of *res ipsa loquitur* permits a jury to infer negligence from the mere happening of an accident only where the defendant is in exclusive possession and control of the instrumentality which caused the accident. (*Galbraith* v. *Busch,* 267 N. Y. 230, 234.) The question of the exclusiveness and extent of the building owner's possession and control over the hoist was not submitted to the jury. Nor, indeed, even if it had, would the evidence support an affirmative finding. The hoist was being operated not by an employee of the building owner, but by a fellow employee of plaintiff. Under these circumstances, it cannot be said that " the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality ". (*Galbraith* v. *Busch, supra,* p. 234.)

However, rather than dismiss the complaint, we are granting a new trial. We are so inclined because plaintiff may be able to establish in a new trial the cause of the accident and the negligence of the building owner. Moreover, there is some evidence that the building owner's engineer, in supervising the renovation work, specifically instructed plaintiff or his fellow employee, to load the hoist with planks, apparently reversing the earlier instruction not to use the hoist for that purpose. If there was some negligence in the use of the hoist to raise the planks, plain-

tiff may be able to establish some connection between the building owner and the accident. (Cf. *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 187.)

Accordingly, the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

PECK, P. J., COHN, CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.