Per Curiam.

The plaintiff made out a prima facie case by establishing use and occupation of the premises by the respective defendants and the illegal storage by those defendants upon their premises of tanks of highly explosive and inflammable gas, with the consequent destruction of the plaintiff’s property by reason of the explosion of those tanks during the course of a debris fire upon the premises. The defendants, in the exercise of reasonable care, should have foreseen that those tanks so stored would, in the event of a fire upon the premises, explode and cause damage to adjoining property. Their failure to have so foreseen constitutes negligence. It is immaterial as to who caused the fire upon the premises or how it was started (Keizor v. City of New York, 303 N. Y. 649). The defendants did not cross-examine the plaintiff’s witnesses nor did they offer any evidence on their case. They rested entirely upon the plain *963 tiff’s testimony. Having done so, “ the defendant’s silence was properly accepted by the court as an assurance that he had nothing more to say or to offer.” (Deeley v. Heintz, 169 N. Y. 129, 134.) Pursuant to the power vested in this court by section 584 of the Civil Practice Act judgment on the facts and law is rendered in favor of the plaintiff. Having elected to rest upon the plaintiff’s testimony, the defendants cannot now be given a second opportunity to present evidence which they could have done at the first trial.
The judgment should be unanimously reversed upon the law and facts, with $30 costs to the plaintiff and judgment directed for the plaintiff in the sum of $725, with appropriate costs in the court below.
Pette, Hart and Di Giovanna, JJ., concur.
Judgment reversed, etc.