George Eilperiít, J.
On rendition of the verdict in favor of the plaintiff the court afforded plaintiff the opportunity to brief two points. First: as to whether the court had the authority, having denied the defendant’s motion to dismiss the complaint at the end of the plaintiff’s and defendant’s case, thereafter to vacate its ruling and upon the entire case reserve decision with respect to defendant’s motion to dismiss the complaint. Second: Did the plaintiff establish a prima facie case?
*29 With, reference to the first proposition, the cases cited by counsel, to wit, Dougherty v. Salt (227 N. Y. 200) and the case of Helt v. Union Free School Dist. (261 App. Div. 962), are not analogous since in those cases the court did not reserve decision on the respective motions prior to the submission of the issue to the jury. However, if there is any doubt on the subject, subdivision 3 of section 457-a of the Civil Practice Act negates the question raised by counsel for the plaintiff and discloses the fact that the court had ample power and authority.
11 3. Whenever a motion for a directed verdict or for a dismissal of a complaint or counterclaim made at the close of all the evidence is for any reason not granted, the court, notwithstanding its having submitted the action or any question of fact involved therein to the jury, may, upon its own motion where it has previously expressly reserved its decision or upon motion made as provided in the succeeding paragraph, reconsider its ruling and direct the entry of judgment in accordance with its determination of the legal questions involved.” (Civ. Prac. Act, § 457-a, subd. 3.)
(See 6 Carmody-Waite, New York Practice, p. 717, § 30; Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 67, first par.)
Concerning the second question of a prima facie case being established, the court subscribes to the premise that the prevailing opinions as disclosed in the Galbraith case (Galbraith v. Busch, 267 N. Y. 230) and in Cole v. Swagler (308 N. Y. 325), as well as Gooch v. Shapiro (7 A D 2d 307), held that no prima facie case was proven in matters somewhat similar to the one which was tried before this court.
The court advised both counsel in an informal discussion during the trial that it was bound by the rule prevailing as heretofore disclosed in the prior cases despite its own personal opinions on the subject. This matter was tried from April 9 to April 14 inclusive, on which day there was a verdict rendered in favor of the plaintiff. On April 15 in the Advance Sheets there appeared a case entitled Lo Piccolo v. Knight of Rest Prods. (7 A D 2d 369) decided on March 17, 1959, in which the facts are quite identical with the instant case as to the locale and the conditions of the roadway as well as the failure of the defendant to interpose a defense.
Three Justices of the Appellate Division in the First Department were of the opinion that a prima facie ease was established. The court is fully cognizant of the fact that the opinion of the three learned Justices is dictum and not controlling but the court realizes that the field of tort is rapidly changing and *30 further that the opinions of the various courts are constantly moving ahead with the times as well as the fact that the law is not static but in a state of flux. While it is true that in the Lo Piccolo ease Justices Breitel and Babin stated (p. 374) “ that under the existing rules plaintiff did not establish a prima facie case ”, in dicta they indicated that “ even assuming that plaintiff had established a prima facie case based on res ipsa loquitur, it would not have provided such proof of defendant’s negligence which a jury, in the absence of rebuttal, was bound to accept. * * * the jury * * * was entitled not to draw the inference of defendant’s negligence, as urged by plaintiff” (pp. 374-375). In substance, the jury having failed to draw the inference of negligence the trial court had no right to set aside the verdict in favor of the defendant. The same theory should be applicable to this case wherein the jury found a verdict in favor of the plaintiff. Justice Botein, in concurring with the majority opinion in the Lo Piccolo case, stated (pp. 375-376): “ At the most plaintiff was entitled to go to the jury upon the basis that he had made a prima facie showing of negligence. * * * It was for the jury, and not for us, to assess the weight of the inference coupled with the failure of defendant to come forward with its explanation of the manner in which the accident had occurred.” Further, the jury having taken the position, the court was not at liberty to disturb its determination. It seems to the court that where an accident occurs as a result of the operation and control by the defendant which does not in the usual course of events happen, that there is a duty on the part of the defendant to make some explanation. It is the opinion of the court that, the jury having drawn an inference of negligence based on a prima facie case as heretofore discussed and having drawn such inference, the verdict should not be disturbed, and, accordingly, the motion to dismiss the complaint is denied.