EDMOND FORD, Appellant, *v.* JACK STEINDON et al., Doing Business as GRAND SERVICE STATION, Respondents.

Supreme Court, Appellate Term, Second Department, January 25, 1962.

*Samuel Weinberg* for appellant.  *Emanuel Morgenbesser* and *Sidney J. Loeb* for respondents.

*Per Curiam.*  The conclusion of the trial court that plaintiff adduced no evidence that defendants had knowledge of the vicious propensities of the dog harbored by them in the office of their gasoline and service station, which attacked and bit the plaintiff, is contrary to the facts established in the record.  The circumstance that defendants posted the sign above the office door warning persons, including business invitees such as plaintiff, to '' Beware of Dog '' is evidence that defendants were cognizant of the likelihood that the dog might attack persons unknown to it.  Moreover, the circumstance that defendants found it necessary to keep the dog tied up and took precautions to restrain it, is further evidence of defendants' knowledge of the dog's vicious propensities.  (*Brice* v. *Bauer,* 108 N. Y. 428, 432; *Hahnke* v. *Friederich,* 140 N. Y. 224; *Giaccone* v. *State of New York,* 173 Misc. 367.)

Furthermore, the dog in question was a German Shepherd colloquially known as a police dog, about two and one-half feet in height.  It has been said that with respect to such dogs, '' [i]t is a matter of common knowledge that the court can almost take judicial knowledge of the fact that police dogs are, by nature, vicious, inheriting the wild and untamed characteristics of their wolf ancestors.''  (*Carlisle* v. *Cassasa,* 234 App. Div. 112, 115.)

340

The very viciousness of the attack on plaintiff demonstrates that the dog was in fact vicious (*Carlisle* v. *Cassasa, supra,* p. 116).

Since defendants rested on plaintiff's proof and adduced no evidence, their silence can properly be accepted as assurance that they had nothing more to say or offer. (*Winkepper* v. *General Welding Supply Corp.,* 9 Misc 2d 962, 963; *Deeley* v. *Heintz,* 169 N. Y. 129.)

In the state of the record the court exercises the authority vested in it by section 584 of the Civil Practice Act and awards damages to the plaintiff in the sum of $750 (*Bernardine* v. *City of New York,* 294 N. Y. 361).

The judgment in favor of defendants should be unanimously reversed, with $30 costs to plaintiff and judgment directed for plaintiff in the sum of $750 together with appropriate costs in the court below.

Concur — HART, BENJAMIN and MARGETT, JJ.

Judgment reversed, etc.