George L. Greenstein, J.
Plaintiff sued the individual defendant for damages sustained when bitten by her dog. The individual defendant impleaded the corporate defendant airline alleging it was negligent in its handling of the kennel containing the dog while in its exclusive custody and control. The airline denied the allegations and interposed an affirmative defense that the plaintiff was its employee and was relegated to her claim under the Workmen’s Compensation Law of New York.
The affirmative defense will be dealt with first. The corporate defendant was properly brought into the action by the individual defendant and as such is now a party to the action. The alignment of the parties is identical to those in the recent Court of Appeals case of Dole v. Dow Chem. Co. (30 N Y 2d 143). Stare decisis dictates that this court follow Dole and permit the present party alignment.
On the trial the individual defendant testified that she locked the dog in the kennel and turned it over to airline employees. The plaintiff, as an employee of the airline, was asked the procedure for handling the kennel once it was delivered into the airline’s custody. Plaintiff could not give exact details but did give what she believed to be the procedure followed by the airline. Though obvious aspects of the customary methods employed by the airline in handling baggage were left unmentioned, -the court, on its own, may fill in the “ missing links ” in the testimony (Hunter v. New York, Ontario & Western R. R. Co., 116 N. Y. 615) by taking judicial notice of commonly known practices. “ Judicial notice is taken of the common and ordinary modes of transacting business; and of the general business methods of large public, or quasi-public, corporations, when .their practice is so universal as to be generally known.” (21 N. Y. Jur., Evidence, § 65, pp. 211-212, citing Hutchinson v. Manhattan Co., 150 N. Y. 250; Slater v. Jewett, 85 N. Y. 61; Isaacson v. New York Cent. & Hudson Riv. R. R. Co., 94 N. Y. 278; and Carey v. New York Cent. R. R. Co., 250 N. Y. 345). This court will take judicial notice of the general methods of baggage handling employed by the airline industry, of which the corporate defendant is a member, and treat the fact as proved without allegation or proof. (Matter of Viemeister v. White, 179 N. Y. 235.)
Once a person surrenders his baggage, be it luggage, freight or, as nr the present case, a crated animal, he gives up his control *331 over the object. Control then rests with the one accepting the baggage. This control remains until the baggage is returned to the original owner or to another person designated to accept the baggage.
During the trial plaintiff testified that she was advised by the airline that a dog was loose on the runway and was given the name of the owner, and that she was to go to the airplane and ask the owner of the dog to come and aid in the dog’s recapture. Testimony never established how the dog got out of the crate and upon top of a luggage cart located near the airplane on which the dog was to be loaded. It is clear that the plaintiff could not provide information as to what happened since she was not summoned to the scene until after the dog was loose. The individual defendant would not have this information as she was already aboard the plane awaiting takeoff and had to be brought off the plane by the plaintiff to help in the recovery of the dog. The only one with an opportunity to know what happened between the time the crated animal was handed over for shipment and the time the plaintiff was instructed to bring the individual defendant from the plane was the defendant airline. In such a situation the courts have held that where an accident occurred as a result of operation and control by defendant, the accident was of a type that does not happen in the usual course of events, and defendant made no explanation thereof, the jury was entitled to draw the inference of defendant’s negligence. (Cutler v. Brockington, 19 Misc 2d 28; see, also, Foltis, Inc. v. City of New York, 287 N. Y. 108; and Galbraith v. Busch, 267 N. Y. 230.)
Plaintiff attempted to plead and prove specific acts of negligence. The fact that she has pleaded a specific act of negligence does not foreclose the use of res ipsa loquitur doctrine. (Barca v. Daitch Crystal Dairies, 45 Misc 2d 30.) She may rely on the doctrine despite evidence of specific cause of accident, as long as evidence does not fully account for the accident. (Zaninovich v. American Airlines, 26 A D 2d 155.)
Since the doctrine of res ipsa loquitur permits the trier of facts to infer negligence from the mere happening of accident where defendant is in exclusive possession and control of the instrumentality which caused the accident, it is within the power of this court to find negligence on the part of the corporate defendant in the exercise of its care and handling of the baggage which led directly to the injuries inflicted upon the plaintiff by the individual defendant’s dog (Yandrasitz v. Teddy’s House of Sea Food, 286 App. Div. 146; Curley v. Ruppert, 272 App. *332 Div. 997). The New York case in point is Thomas v. Hudson Riv. Day Line (176 N. Y. S. 2). In Thomas the dog was delivered into the sole custody of the carrier, Hudson River Day Lines. While in the carrier’s custody and control the dog escaped, jumped overboard and was lost. The count held the loss of the dog raised a presumption of negligence on the part of the carrier.
The court also finds the individual defendant.negligent. The courts of New York have held the owner of a German Shepherd liable for damages inflicted by the dog irrespective of a showing of active negligence saying, 4 e it is a matter of * * * common knowledge that the court can almost take judicial knowledge of the fact that police dogs are, by nature, vicious, inheriting the wild and untamed characteristics of .their wolf ancestors ”. (Carlisle v. Cassasa, 234 App. Div. 112, 115; Ford v. Steindon, 35 Misc 2d 339). The defendant did not exercise the control a prudent person should exercise. Knowing the propensities of the dog, she had a duty to warn the plaintiff to stay away from it. This duty was not met.
The fact that the individual defendant came off the plane and reasserted her control over the dog by calling it to her does not relieve the corporate defendant of its negligence. If not for the fact that the dog got loose while in the airline’s custody and control, the plaintiff would not have had to call the individual defendant from the plane and been placed in a position to be bitten. Neither defendant may escape its share of liability by claiming the other defendant was the sole controlling party. Each had sole control for a certain period of time, but the events occurring during these time periods all gravitated towards the final instance when the dog bit the plaintiff.
Plaintiff, an attractive young lady, on trial exhibited to the court a well-healed sear on the right side of her chin, which, with good cosmetic coverage, was well disguised and only slightly visible. She also exhibited a scar at or about the right earlobe, which caused some disfigurement to the ear.
Since both defendants are found to be negligent, it is the decision of this court, based upon the decision handed down by the Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143), that liability .shall be apportioned pro rata in accordance with each one’s negligence; 75% ($2,250) as to the corporate defendant, and 25% ($750) as to the individual defendant.
Defendant’s motions to dismiss denied and judgment entered for plaintiff in the amount of $3,000.