OPINION OF THE COURT
Irving Lang, J.
The discovery motion of defense counsel, vigorously opposed by the District Attorney, requests the court to order a physical, behavioral and mental examination of a dog.
The defendant has been indicted by a New York County Grand Jury for the crimes of rape in the first degree, and two counts of sodomy in the first degree. It is alleged that the defendant committed these crimes in the victim’s apartment after putting a pair of scissors to her throat. The victim’s dog was purportedly at the premises at that time.
Defendant’s counsel asserts that the dog is a large German Shepherd. Citing Ford v Steindon (35 Misc 2d 339), he claims that such dogs “are, by nature, vicious, inheriting the wild and untamed characteristics of their wolf ancestors.” Therefore, if the dog did not react in an aggressive fashion to the event, it would cast doubt as to the victim’s version of the event.
*990 The District Attorney maintains that the motion is “frivolous”, but in the nature of “voluntary disclosure discovery” informs the court and defense counsel that the dog, “which didn’t do anything in the course of the alleged crime” is a “small dog” of “mixed breed” and “meek disposition”.
The prosecutor’s concession that the dog was present at the time of the incident belies his contention that the defendant’s discovery motion is “frivolous”.
If the defendant’s claims are borne out, then a jury would be entitled to consider them. The questions remain as to the nature and scope of the relief.
While the specific issue in this case is unusual, it falls within a familiar category — the use of experts in an area outside of the common knowledge of court and jury.
It is clear that the examination must be conducted by an expert who is determined by the court to be specially qualified to conduct the examination and, if necessary, give expert testimony. (See Richardson, Evidence [10th ed], § 367; Fisch, New York Evidence [2d ed], § 412 et seq.)
In this regard defense counsel proposed Peter L. Borchelt, Ph.D., as his expert. Dr. Borchelt is the Director of the Animal Behavior Therapy Clinic of the Animal Medical Center of New York City. This court is satisfied both from his curriculum vitae and by questioning him personally that Dr. Borchelt has the requisite expertise. Dr. Borchelt claims that an animal behavior expert can tell whether a dog has had attack or guard dog training, and whether a dog will react aggressively to certain stimuli (see Voith, Diagnosis and Treatment of Aggressive Behavior Problems in Dogs, AAHA, Animal Behavior [1980]).
Accordingly, the motion of defense counsel is granted as follows:
(1) The dog may be examined by Dr. Borchelt at the District Attorney’s office. The defendant and his counsel may be present.
(2) The expert may determine the breed, gender, age, height and weight of the dog.
(3) The expert may determine whether the dog has had guard or attack training.
*991 (4) The expert may perform tests to determine if the dog exhibits any aggressive behavior in response to certain stimuli.
However, the application of defense counsel to re-enact the incident with the actual victim or to use the dog in a test with the victim to determine if there is a “protective aggression” tendency solely with respect to the victim is denied. Such a test is too fraught with logical variables to be subject to testimony and would in my view create a situation too speculative and prejudicial either for or against the defendant to warrant consideration by a jury. For the same reason, if the defendant is present at the test, no testimony may be given as to the dog’s reaction or lack thereof to him.
The expert is directed to prepare a written report and send a copy to the District Attorney and the court.