CITIZENS TRUST COMPANY OF BINGHAMTON, Appellant, v. LEWIS B. MARSELIS and Another, Respondents.— The defendants had been copartners in a cigar store at Binghamton, N. Y. The defendant Lewis B. Merselis was indebted as an individual to the Citizens Trust Company of Binghamton; he was also indebted to his partner. In January, 1931, he sold and transferred all his interest in the cigar business to his partner, Fred E. Bennett, for moneys which he then owed Bennett. The Superintendent of Banks took charge of the bank in September, 1931. In October, 1931, Bennett filed a certificate that he was trading under an assumed name; the bank brought an action on its notes and secured judgment and brought an action for an accounting and to set aside the sale on the grounds that the Bulk Sales Law* had not been complied with. The Bulk Sales Law does not apply in the case of a sale of an undivided one-half interest in a partnership stock of merchandise and fixtures by one partner to his fellow partner. The complaints were dismissed on motion on the grounds that they failed to state facts sufficient to constitute a cause of action. Orders unanimously affirmed, with ten dollars costs in one motion. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ. [148 Misc. 676.]

WILLIAM MEYER, Respondent, v. FRANZ BRANDT, Appellant.— Appeal by defendant from a judgment, entered upon a verdict in favor of the plaintiff for $3,000 damages, and $105 costs, totaling $3,105, and from an order denying defendant's motion to set aside the verdict and for a new trial. Plaintiff, a household servant of defendant, was bitten by a dog owned by defendant while attempting to put medicine in the animal's eye. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

FERDINAND SAUREL, Respondent, v. GEORGE H. SELLICK, Appellant.— This is an action for false imprisonment in which the jury rendered a verdict in plaintiff's favor for $1,500 compensatory damages and $500 punitive damages. Defendant accused plaintiff of stealing two bushels of potatoes. Defendant and a State trooper named Boncyk, without a search warrant, searched plaintiff's premises. They also placed him under arrest without any process whatsoever and detained him for a period of about five hours, during which he was driven from place to place in Albany and Greene counties in order to locate a justice of the peace who would issue a warrant for plaintiff's apprehension. Having failed to secure a justice who would act, they released plaintiff. There is evidence in the record from which the jury might have found that defendant acted wantonly and maliciously and that his claim that plaintiff stole two bushels of potatoes was wholly unfounded. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.