JAMES LOVELL, Appellant, *v.* MARC HAAS, Respondent.

First Department, May 29, 1941.

*Benjamin Eigg* of counsel [*Gustave G. Rosenberg* with him on the brief; *Maurice B. Gladstone,* attorney], for the appellant.

*Harry Kalman* of counsel [*Victor Roudin,* attorney], for the respondent.

PER CURIAM. In dismissing the complaint upon the ground that plaintiff's own testimony showed he had knowledge of the alleged vicious propensities of defendant's dog, we think the trial court erred. Such knowledge on the part of plaintiff, who was an employee of defendant, in the circumstances of this case, did not necessarily bar recovery for the injury allegedly sustained by plaintiff. The rule is that one who keeps a vicious dog, with knowledge of its savage and vicious nature, is presumed to be negligent if he does not keep the animal secure from injuring others. (*Muller* v. *McKesson,* 73 N. Y. 195; *Lynch* v. *McNally,* Id. 347; *Perrotta* v. *Picciano,* 186 App. Div. 781, 783; *Carlisle* v. *Cassasa,* 234 id. 112.) Whether defendant, with knowledge that his dog was vicious, was liable to plaintiff, for his disregard of the latter's safety, was an issue of fact for the jury. (*Meyer* v. *Brandt,* 244 App. Div. 845.) The case of *Hosmer* v. *Carney* (reported in 228 N. Y. 73, which involved injury, not by a dog but by a horse) is clearly distinguishable.

In view of the proof adduced by defendant, which put in issue substantially all contentions of plaintiff, we do not suggest there should be a verdict for plaintiff. However, on an appeal from a judgment dismissing the complaint, plaintiff is entitled to the benefit of the most favorable inferences reasonably and fairly to be drawn from the evidence. (*National Surety Corp.* v. *Lybrand,* 256 App. Div. 226.) Accordingly, we think that the court should have submitted the disputed issues of fact to the jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, GLENNON, COHN and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.