JULIA BURITS and JOSEF BURITS, Appellants, *v.* LOUIS STOIBER, Respondent, and HARRY KOPELMAN, Impleaded Defendant.

First Department, December 19, 1941.

*Maxwell Cohen*, for the appellants.

*Olin S. Nye* of counsel [*Malcolm G. Bibby* with him on the brief; *Reginald V. Spell*, attorney], for the respondent.

COHN, J.   Plaintiff Julia Burits was injured in the bathroom of her apartment in defendant Louis Stoiber's multiple dwelling when she stepped on a nail protruding from a piece of wood.   The alleged dangerous condition was created while the landlord was engaged in ripping up the flooring and wainscoting of the bathroom by leaving the debris exposed and uncovered on the bathroom floor.   It is claimed that defendant Stoiber was negligent in failing to remove or cover the debris.

Upon the trial of the action brought by the injured plaintiff and her husband against defendant Louis Stoiber to recover damages for personal injuries and for loss of services, respectively, the complaint was dismissed at the close of plaintiffs' case.   The reason assigned for the dismissal was that since the work was not inherently dangerous the owner of the premises had the right to delegate the work to a contractor without any responsibility on the part of the owner for the negligence of the contractor.

The only evidence in the record with respect to the performance of the work was (1) that about three weeks prior to July 10, 1939, plaintiffs were notified by the renting agent of the landlord that some improvements would be made in the bathroom of their apartment, and (2) that on July 10, 1939, the janitress came to plaintiffs' apartment with two men and stated that they were going to do some work in the bathroom.   There is no testimony to the effect that the alterations were performed by an independent contractor.

The cross-complaint against the impleaded defendant Kopelman contained in the answer of defendant Stoiber sets forth that the former was engaged as an independent contractor to do the work which resulted in the accident.   However, no proof was offered by defendant Stoiber of the existence of any contract with the defendant Kopelman for the performance of the work or that it was done by persons other than his own agents or servants. Obviously, the trial justice in dismissing the complaint was anticipating proof of the facts alleged in the cross-complaint.

On an appeal from a judgment dismissing the complaint plaintiffs are entitled to the most favorable inferences reasonably to be drawn from the evidence.   (*Lovell* v. *Haas*, 262 App. Div. 49.)   In the

absence of a showing that the alteration on defendant's property was being performed by an independent contractor an inference might fairly be drawn from the evidence adduced that the defendant landlord and his employees were engaged in the work out of which the dangerous condition was created. (*Seaman* v. *Koehler*, 122 N. Y. 646; *Trashansky* v. *Hershkovitz*, 239 id. 452, 456; *Kilmer* v. *New York Telephone Co.*, 228 App. Div. 63, 64.)

It is unnecessary to consider the question as to whether the landlord could be relieved of liability in the event that the injuries were caused by the negligence of an independent contractor.

Plaintiffs established a *prima facie* case and it was error to dismiss their complaint.

The judgment, so far as appealed from, should be reversed and a new trial ordered, with costs to appellants to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.