■ LANCE DeVAUL et al., Appellants, v CARVIGO INC., Doing Business as SUNRISE TEXACO SERVICE CENTER, Respondent.—In an action to recover damages for personal injuries, etc., arising from a dog bite, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Balletta, J.), dated May 5, 1987, which is in favor of the defendant and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiffs seek to recover a money judgment against the defendant based upon allegations that the defendant harbored a German shepherd dog of known ferocity, and that this dog bit the plaintiff Lance DeVaul on July 31, 1984, causing emotional as well as physical injuries. In order to succeed, the plaintiffs were obliged to prove among other things, that the defendant's dog did in fact possess vicious propensities, and also that the defendant knew or should have known of the dog's vicious propensities *(see, Quilty v Battie,* 135 NY 201, 208; *Fontecchio v Esposito,* 108 AD2d 780, 781; *Lagoda v Dorr,* 28 AD2d 208, 209). "The rule is that one who keeps a vicious dog, with knowledge of its savage and vicious nature, is presumed to be negligent if he does not keep the animal secure from injuring others" *(Lovell v Haas,* 262 App Div 49, 50). In the present case, the defendant produced evidence sufficient to permit the jury to infer that the defendant's dog was not vicious, or, even if the dog were vicious, that the defendant had no reason to know of the dog's dangerousness prior to the incident. Although the evidence presented by the plaintiffs would tend to lead to the opposite conclusion, we

must defer to the jury's assessment of the witnesses' credibility, and we therefore decline to grant a new trial on the ground that their verdict was against the weight of the evidence *(cf., Nicastro v Park,* 113 AD2d 129).

We also reject the plaintiffs' argument that the trial court erred in refusing to take judicial notice of the supposed fact that German shepherd dogs are, as a breed, vicious. While some courts have suggested, in dicta, that the vicious propensities of certain animals are so well known as to almost be a subject of judicial notice *(see, e.g., Carlisle v Cassasa,* 234 App Div 112, 115; *Ford v Steindon,* 35 Misc 2d 339; *Machacado v City of New York,* 80 Misc 2d 889, 891), there is no authority for the proposition that judicial notice should in fact be taken as to the ferocity of any particular type of domestic animal. We therefore agree with those courts which have concluded that the viciousness of German shepherds is not an appropriate subject of judicial notice *(see, e.g., Lundy v California Realty,* 216 Cal Rptr 575, 170 Cal App 3d 813).

The plaintiffs also contend that a new trial should be ordered because the arguments made by the defense counsel during his summation were improper. The plaintiffs' attorney made 3 objections during the course of the defense counsel's summation, 2 of which related to counsel's reference to a party who, the jury could infer, would have been in a position to confirm the plaintiffs' evidence as to the dog's viciousness, but who did not testify at trial. We do not think that these remarks by the defense counsel constituted misconduct. "The rule is well established that counsel may comment on the failure of the adverse party to call a witness who is under his control and whose testimony he could be expected to produce if it were favorable to him" *(Seligson, Morris & Neuburger v Fairbanks Whitney Corp.,* 22 AD2d 625, 630). Such comments are allowed even though a missing witness charge might not be warranted *(Seligson, Morris & Neuburger v Fairbanks Whitney Corp., supra).* The third objection made by the plaintiffs' attorney was sustained, and there is no likelihood that the remark to which the objection was directed had any affect on the jury's verdict.

We need not address the remaining allegations of attorney misconduct, since these contentions were not objected to at the time and therefore have not been preserved for appellate review. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.

■ ELIZABETH DENVER, as Executrix of the Estate of EILEEN