■ ANNE M. HARRIS et al., Individually and as Parents and Natural Guardians of MARGARET HARRIS, an Infant, Respondents, v ROBERT KASPERAK, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In this action commenced by plaintiffs to recover for personal injuries sustained by the infant plaintiff when defendant's Irish Setter dog allegedly bit her about her face, defendant moved for summary judgment dismissing the complaint. Supreme Court denied his motion. We reverse.

An owner of a domestic animal is not liable for injuries caused by the animal unless he knows or should have known of its vicious propensities *(see, Muller v McKesson,* 73 NY 195; *DeVaul v Carvigo Inc.,* 138 AD2d 669, *appeal dismissed* 72 NY2d 914, *lv denied* 72 NY2d 806; *Russell v Lepre,* 99 AD2d 489; *Wheaton v Guthrie,* 89 AD2d 809, 810; *O'Connor v Larson,* 74 AD2d 734, 735). Defendant demonstrated his entitlement to judgment in his favor as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562) by the submission of evidentiary proof in admissible form that his dog did not possess vicious propensities.

In response, plaintiffs failed to tender evidentiary proof in admissible form to show the existence of triable issues of fact. In opposing defendant's motion, plaintiffs submitted their

deposition testimony in which they essentially concurred with defendant's assessment that the dog was friendly and not vicious. Although plaintiff Brian Harris averred that several neighbors told him that they would "sign sworn statements" to the effect that the dog was "wild", "uncontrollable" and "dangerous", those conclusory assertions are without evidentiary value and thus unavailing (see, Zuckerman v City of New York, supra). Plaintiffs failed either to proffer those affidavits in opposition to defendant's motion or to provide an acceptable excuse for their failure to do so. Moreover, that evidence would not, without more, raise an issue of fact with respect to defendant's knowledge that his dog "habitually tended to do acts which might endanger persons" (Fontecchio v Esposito, 108 AD2d 780, 781). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present— Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.