■ RITA TIMPANARO, Respondent, v TOPPING RIDING SCHOOL, INC., et al., Respondents, BERNARD KREVITZ, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Bernard Krevitz appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated December 4, 1989, which granted the plaintiff's motion for reargument, vacated a prior order of the same court dated August 14, 1989, which had previously granted his motion for summary judgment dismissing the complaint and all cross claims against him, and, upon reargument, denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs, the motion for reargument is denied, and the order dated August 14, 1989, granting the defendant Krevitz's motion for summary judgment, is reinstated.

On or about September 9, 1983, the plaintiff was allegedly injured while she and the defendant Ann Aspinall were loading a horse owned by the defendant Bernard Krevitz into a horse trailer. Aspinall had asked the plaintiff for assistance because she considered the horse to be a "difficult loader". While assisting Aspinall, the plaintiff, an experienced horse trainer, was struck by a loading ramp which was knocked off the trailer when the horse suddenly backed off.

The instant action was commenced against numerous parties including Aspinall and Krevitz. The cause of action against Krevitz is premised on the theory that he had knowledge of the animal's vicious propensity of backing up or reacting violently when being loaded on, or unloaded from, a trailer.

The Supreme Court originally granted Krevitz's motion for summary judgment, finding no evidence that he had knowledge of the animal's so-called "vicious propensity". However, in the order appealed from, the court vacated its prior order and denied Krevitz's motion for summary judgment. Upon

reargument, the court concluded that there was a triable issue concerning whether a reasonably prudent person would have discovered the propensities of the horse.

The record establishes that Krevitz purchased the horse for his teenage daughter Alexandra seven years before the accident. Alexandra and the horse were trained by Aspinall at the Topping Riding School where the horse was being stabled in September 1983. At an examination before trial, Aspinall testified that she had recommended this horse for Alexandra because of its "quiet and sensible" nature. She also testified that the horse was known by the staff at the riding school to be difficult when being loaded onto a horse trailer, but this was never communicated to Alexandra or her father.

At his deposition, Krevitz testified that neither he nor his daughter had ever been advised that the horse was a difficult loader. He paid the riding school a separate fee whenever the horse was transported and had never been present when the horse was being loaded onto a trailer. Alexandra was also deposed and testified that she had seen the horse loaded onto a trailer without any difficulty numerous times.

In order to establish a prima facie case and defeat the appellant's motion for summary judgment, the plaintiff was required to adduce proof not only that the animal had a vicious propensity, but that the owner had knowledge of the propensity, or that a reasonably prudent person would have discovered it (see, Appel v Charles Heinsohn, Inc., 91 AD2d 1029, 1030, affd 59 NY2d 741). The plaintiff failed to set forth evidence creating a factual issue on either count.

The record indicates that as many as 20% of horses are chronically difficult loaders and a higher percentage are occasionally difficult to load. The record further indicates that experienced trainers like the plaintiff receive instruction on loading horses into a trailer and that it is standard procedure for the person in the rear position to stand to the side when closing off the ramp. There is no factual basis in the record to support a finding that this horse had a vicious propensity which posed a danger to the plaintiff, an experienced trainer who failed to avoid injury during loading. The well-known propensity of the horse, which had never caused injury before, cannot be called a vicious propensity.

In addition, although Aspinall and other employees of the riding school considered the horse difficult to load onto a trailer, their belief was never communicated to Krevitz. Since there had never been another accident involving the horse,

the subject had never been discussed with the owner, and we perceive no reason why Krevitz would know about the purported difficulties in loading the horse. The record indicates that he paid a separate fee to the riding school to transport the horse to shows where his daughter would ride, but he was never present when the horse was loaded on the trailer. Under the circumstances, we find no factual basis to conclude that Krevitz should have been aware of the horse's alleged propensity *(cf., Brophy v Columbia County Agric. Socy.,* 116 AD2d 873) and accordingly, summary judgment was properly granted to him. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.