■ WILLIAM BOHM et al., Appellants, v NYSTRUM CONSTRUCTION et al., Respondents. [617 NYS2d 520] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered August 17, 1993, which, upon an order of same court, dated March 9, 1993, granting the separate motions of the defendants Theodore and Amelia Nystrum and Nystrum Construction for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

In order to establish a prima facie case and to defeat the defendants' motions for summary judgment, the plaintiffs were required to present proof that the dog that bit the victim had a vicious propensity and that the dog's owners had

knowledge of the dog's propensity or that a reasonably prudent person would have discovered it *(see, Timpanaro v Topping Riding School,* 177 AD2d 570; *Appel v Charles Heinsohn, Inc.,* 91 AD2d 1029, 1030, *affd* 59 NY2d 741). Here, the defendants demonstrated their entitlement to judgment in their favor as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562) by the submission of sufficient evidentiary proof that their dog did not possess a vicious propensity. In response, the plaintiffs failed to proffer any evidence to show the existence of triable issues of fact. Under these circumstances, summary judgment was properly granted to the defendants.

We find no merit to the contention that the trial court erred in prohibiting the plaintiffs from developing evidence of the inherently vicious propensity of the Akita breed *(see, DeVaul v Carvigo Inc.,* 138 AD2d 669).

Moreover, the trial court did not err in refusing to allow the plaintiff to obtain discovery of certain information allegedly in the defendants' possession prior to disposing of the defendants' motions on the merits *(see,* CPLR 3212 [f]; *Rothbort v S.L.S. Mgt. Corp.,* 185 AD2d 806). Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.