■ MICHAEL ARCARA, Respondent, v DENNIS WHYTAS et al., Appellants. [632 NYS2d 349] —Order unanimously reversed on the

law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, an employee of National Fuel Co., entered the backyard of defendants' premises to read the gas meter and was bitten by defendants' dog, a mixed-breed German Shepherd. Thereafter, plaintiff commenced this action, alleging that defendants were aware of the vicious propensities of the dog and failed to take proper measures to control it. Supreme Court denied defendants' motion for summary judgment dismissing the complaint. We reverse.

Defendants established by undisputed proof in admissible form that the dog had never before bitten anyone and that it had never growled or bared its teeth when someone approached or otherwise exhibited vicious or dangerous propensities *(see,* CPLR 3212 [b]; *Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425; *Strunk v Zoltanski,* 62 NY2d 572, 574-576; *Wilson v Bruce,* 198 AD2d 664, *lv denied* 83 NY2d 752; *Harris v Kasperak,* 172 AD2d 1062).

We reject the contention of plaintiff that defendants' violation of the Cheektowaga Town Ordinance requiring the leashing of dogs is some evidence of negligence. It is uncontested that the dog was tethered in the yard, and thus was restrained in compliance with the Town Ordinance. But, even if the manner in which the dog was tethered violated the Town Ordinance, that would not affect the essential issue whether the dog was vicious and, if so, whether defendants had knowledge thereof.

The posting by defendants of a "Beware of Dog" sign on their garage to deter intruders is also insufficient to preclude summary judgment. There is no proof that before this incident defendants' dog was fierce, or hostile to strangers *(see, Ford v Steindon,* 35 Misc 2d 339), or anything other than friendly and non-aggressive. Further, according to plaintiff, the dog had been sleeping and was startled by plaintiff's approach. The dog bit plaintiff once on the arm and then backed away. We, therefore, conclude that plaintiff failed to raise a genuine issue of fact regarding the dog's vicious propensities *(see, Wilson v Bruce, supra; Harris v Kasperak, supra; Gill v Welch,* 136 AD2d 940). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.