■ Christine M. Smith, Respondent, v Monroe J. Farner, Appellant. [645 NYS2d 355] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In January 1995 plaintiff commenced this action, seeking damages for injuries she sustained on August 23, 1979, when she allegedly was attacked and bitten by a dog owned by defendant. Defendant moved for summary judgment. In support of the motion, defendant submitted his examination before trial (EBT) testimony, wherein he denied knowledge that plaintiff had ever been on his property, and stated that his dogs were friendly and good with children, and that no dog he has ever owned was vicious or had ever bitten or attacked anyone. He further stated that he knew nothing of plaintiff's having been bitten by his dog until he received the summons and complaint. After receiving the summons and complaint, he spoke with his wife, children, and others who were frequently at the farm during 1979, none of whom had any knowledge of the incident. Defendant also submitted the EBT testimony of plaintiff, wherein she stated that she was unaware of any previous incidents in which the dog had attacked or bitten anyone. In opposition to the motion, plaintiff submitted two affirmations of her attorney. Supreme Court denied the motion. We reverse.

To prevail on a cause of action for injuries sustained in an attack by a domestic animal, plaintiff must present proof of

the animal's vicious propensities and that the owner knew or should have known thereof (see, Fox v Martin, 174 AD2d 875; Harris v Kasperak, 172 AD2d 1062; DeVaul v Carvigo Inc., 138 AD2d 669, appeal dismissed 72 NY2d 914, lv denied 72 NY2d 806). Defendant sustained his burden on the summary judgment motion by submitting evidence in admissible form that the dog did not demonstrate any vicious propensities and that he had no knowledge of any prior incidents wherein the dog had attacked or bitten anyone (see, Arcara v Whytas, 219 AD2d 871; Fox v Martin, supra). The burden then shifted to plaintiff to submit proof in admissible form sufficient to raise a triable issue. Plaintiff wholly failed to carry that burden; consequently, summary judgment should have been granted (see, Arcara v Whytas, supra; Wilson v Bruce, 198 AD2d 664, lv denied 83 NY2d 752).

There is no merit to the contention of plaintiff that she may assert a common-law negligence cause of action against defendant based upon his failure to secure the dog properly, without having to prove that the dog had vicious propensities of which defendant was aware. "Liability is not dependent upon proof of negligence in the manner of keeping or confining the animal, but is predicated upon the owner's keeping of the animal, despite his knowledge of the animal's vicious propensities" (Lynch v Nacewicz, 126 AD2d 708, 709). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.