■ PATRICK WHITE, Appellant, v KENNETH BRUNER et al., Respondents. [650 NYS2d 26] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sherwood, J.), dated September 18, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries sustained by him when he caught his toe beneath a lawn mower as he was mowing the defendants' lawn. The plaintiff was startled when a golden cocker spaniel owned by the defendants' daughter ran in front of the mower. The plaintiff testified that the dog never ran onto the lawn when he had mowed in the past and that he had asked that the dog be kept in the house so that he would not have to worry about it.

To establish a prima facie case for an injury caused by a domestic animal, a plaintiff must not only prove that the animal has vicious propensities, but that the owner or person in control of the premises knew of such propensities or that they existed for such a period of time that a reasonably prudent person would have discovered them (see, Strunk v Zoltanski, 62 NY2d 572; Cronin v Chrosniak, 145 AD2d 905; Appel v Charles Heinsohn, Inc., 91 AD2d 1029, affd 59 NY2d 741). In opposition to the defendants' motion for summary judgment, the plaintiff failed to come forward with any evidentiary proof that the golden cocker spaniel had ever done any act that might endanger the safety of the person or property of another. Thus, the plaintiff failed to establish the existence of a triable issue of fact as to the defendants' negligence (see, Appel v Charles Heinsohn, Inc., supra). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.