■ JOHN BELJEAN, Appellant, v MICHAEL MAIUZZO, Individually and Doing Business as MIKE's BLUE WHEEL LANDSCAPING, Respondent. (Action No. 1.) JOHN BELJEAN, Appellant, v MICHAEL A. MAIUZZO, Individually and Doing Business as MIKE's BLUE WHEEL SERVICE, Respondent. (Action No. 2.) [683 NYS2d 104] —In two related actions to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 20, 1998, which granted the defendants' cross motion for summary judgment dismissing the complaint in Action No. 1 and denied the plaintiff's motion to consolidate the two actions as academic, and (2) an order of the same court, also dated January 20, 1998, which granted the defendants' motion for summary judgment dismissing the complaint in Action No. 2.

Ordered that the orders are reversed, on the law, with costs, the cross motion in Action No. 1 and the motion in Action No. 2 for summary judgment are denied, the complaints are reinstated, the motion to consolidate is granted, and the actions are consolidated under Index No. 5761/95 under the title "John Beljean, plaintiff, v Michael Maiuzzo, individually and d/b/a Mike's Blue Wheel Landscaping, and Michael A. Maiuzzo, individually and d/b/a Mike's Blue Wheel Service, defendants".

The plaintiff commenced these two related actions after he was bitten by a dog owned by Michael A. Maiuzzo (a defendant in Action No. 2) and kept on premises owned by his father, Michael Maiuzzo (a defendant in Action No. 1). The Supreme Court granted summary judgment to the defendants, concluding that there were no triable issues of fact as to whether the dog in question had vicious propensities or whether the defendants should have known of them.

We disagree. In order to succeed in a case arising from a dog bite, the plaintiff must prove that the dog had vicious propensities and that the defendant knew or should have known of them (*see, Bohm v Nystrum Constr.,* 208 AD2d 668; *Timpanaro v Topping Riding School,* 177 AD2d 570; *DeVaul v Carvigo Inc.,* 138 AD2d 669). In moving for summary judgment, the defendants met their initial burden of demonstrating prima facie entitlement to judgment as a matter of law by submitting evidence showing that the dog had never previously done any act that might endanger the safety of the person or property of another (*see, White v Bruner,* 233 AD2d 439).

In opposition, the plaintiff submitted evidence demonstrat-

ing that the dog was a pit bull mix which served primarily as a guard dog for the defendants' business. The plaintiff also demonstrated that there was a "Beware of Dog" sign posted on the property, that the dog bit the plaintiff in the calf and would not let go until someone kicked it, and that the bite was so severe that a nerve was severed and a skin graft was required. Taken together, the evidence was sufficient to raise triable issues of fact as to whether the dog had vicious propensities and whether the defendants knew or should have known of them (*see, Frantz v McGonagle,* 242 AD2d 888; *DiGrazia v Castronova,* 48 AD2d 249, 252; *Shuffian v Garfola,* 9 AD2d 910; *cf., Wilson v Whiteman,* 237 AD2d 814; *Bohm v Nystrum Constr., supra*). Accordingly, the defendants were not entitled to summary judgment dismissing the complaints (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Because the two actions share common issues of law and fact, consolidation is appropriate (*see,* CPLR 602 [a]). Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.