■ GIL F. LUGO, JR., et al., Appellants, v ANGLE OF GREEN, INC., Doing Business as THIRSTY BEVERAGE, et al., Respondents. [702 NYS2d 608] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 19, 1998, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Where, as here, the plaintiffs seek to recover in strict liability in tort for a dog bite, the plaintiffs must prove that the dog has vicious propensities and that the owner or the person in control of the premises where the dog was kept knew or should have known of such propensities (*see, White v Bruner,* 233 AD2d 439; *Strunk v Zoltanski,* 62 NY2d 572).

In opposition to the defendants' motions in which they made a prima facie showing of their entitlement to summary judgment, the plaintiffs failed to come forward with proof in evidentiary form that the dog had ever bitten anyone or exhibited any vicious propensities. The plaintiffs' contention that triable issues of fact were raised by the presence of a "Beware of Dog" sign is insufficient in the absence of any additional corroborative evidence that prior to this incident the dog demonstrated any fierce or hostile tendencies (*see, Altmann v Emigrant Sav. Bank,* 249 AD2d 67; *Arcara v Whytas,* 219 AD2d 871). Similarly, the photographs depicting the nature, extent, and gravity of the injuries fail to establish the dog's vicious propensities in light of the infant's testimony that the dog had been lying down before the incident, did not growl or jump, and bit him only once before lying down again.

We therefore conclude that the plaintiffs failed to raise any

triable issues of fact regarding the dog's vicious propensities and summary judgment was properly granted to the defendants. Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.