■ STEPHANIE D. LUTS, Respondent, v JUDITH WEEKS et al., Appellants, and DONALD REDL, JR., Defendant. [704 NYS2d 89] —In an action to recover damages for personal injuries, the defendants Judith Weeks, Todd Redl, and Bran Redl appeal from so much of an order of the Supreme Court, Dutchess County (Bernhard, J.), dated October 22, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion for summary judgment is granted, upon searching the record summary judgment is granted to the defendant Donald Redl, Jr., and the complaint is dismissed in its entirety.

The plaintiff commenced this action against the defendants to recover damages for the bite she received from a dog named Sampson allegedly owned by the defendants. The plaintiff had entered a fenced-in area on the defendants' property where Sampson was kept. There is some dispute about whether the plaintiff was bitten when she bent down to pet Sampson, or whether the dog jumped up and bit her.

The plaintiff asserted three causes of action. The first sounded in strict liability on the theory that the attack occurred because of Sampson's vicious propensities, and that the defendants were aware of those propensities. The second sounded in common-law negligence alleging that the defendants were negligent or reckless in the manner in which they kept the dog. The third alleged that the defendants were negligent in that they had violated a local regulation which, *inter alia*, required a dog to be leashed when it was running at large.

The Supreme Court denied the appellants' motion to dismiss the complaint and we reverse.

On this motion for summary judgment the appellants established that Sampson did not have vicious propensities, and the plaintiff failed to raise a triable issue of fact on this question (*see, Althoff v Lefebvre,* 240 AD2d 604; *Bohm v Nystrum Constr.,* 208 AD2d 668, 669; *Hyde v Clute,* 235 AD2d 909, 910). Furthermore, the plaintiff failed to raise any question of fact that Sampson exhibited any special attribute, such as extreme size or strength, which would have required the owners to exercise a higher degree of care to prevent possible injuries. Accordingly, the cause of action sounding in common-

law negligence must also be dismissed (*see, Althoff v Lefebvre, supra*). There is also no basis to conclude that the appellants violated the local regulation in question or that any violation which may have occurred was a proximate cause of the plaintiff's injury (*see, Hyland v Cobb,* 252 NY 325; *cf., Lisi v MRP Holdings,* 238 AD2d 316).

Finally, in light of our determination that the appellants are entitled to summary judgment dismissing all three causes of action asserted by the plaintiff, upon searching the record, we find that it is appropriate to award summary judgment to the nonappealing defendant Don Redl, Jr. (*see, Sciangula v Mancuso,* 204 AD2d 708, 709). Ritter, J. P., Joy, Thompson and H. Miller, JJ., concur.