OPINION OF THE COURT
Frank V. Ponterio, J.
This seemingly unremarkable dog-attack case presents an issue of first impression: whether the long-standing principle that bars a victim’s recovery absent proof of prior vicious propensities of a dog continues to apply where the situs of the attack is Federal parkland.
Defendant John Hagemann moves for summary judgment dismissing plaintiffs’ complaint pursuant to CPLR 3212 on the ground that plaintiffs cannot make out a prima facie case of negligence.
This action arises out of an incident on October 13, 1998 when it is alleged that plaintiff Peter Ayala was knocked down *123 by two unleashed dogs, one owned by defendant John Hagemann and the other by the third-party defendant Robert C. Wing. The incident occurred in Great Kills Park on Staten Island. Movant contended initially that dismissal is warranted because it is conceded that plaintiffs can offer no evidence of any vicious propensities of the dogs known to defendants prior to the incident.
Although the complaint (and bill of particulars) alleges a common-law cause of action including allegations of known vicious propensities of the dogs, plaintiffs assert in opposition to the motion that liability is premised on defendants’ violation of section 161.05 of the New York City Health Code (24 RCNY) and 56 RCNY 1-04 (i). The latter regulation was subsequently conceded by plaintiff to be inapplicable. The Health Code provides as follows:
“§ 161.05. Dogs to be restrained.
“A person who owns, possesses or controls a dog shall not permit it to be in any public place or in any open or unfenced area abutting on a public place unless the dog is effectively restrained by a leash or chain not more than six feet long.”
It is conceded by defendants that both dogs were unleashed at the time plaintiff was caused to fall. Absent any violation of a statutory duty, it is well settled that one who keeps a vicious dog with knowledge of its vicious nature is presumed negligent if he does not keep the dog from injuring others. (Lovell v Haas, 262 App Div 49.) A “vicious nature” includes biting, jumping on people and running at large in a roadway. (Althoff v Lefebvre, 240 AD2d 604 [2d Dept 1997]; DeVaul v Carvigo, Inc., 138 AD2d 669 [2d Dept 1988]; Hyde v Clute, 235 AD2d 909 [3d Dept 1997].) Conversely, lack of knowledge of a vicious nature is a complete bar to recovery since a plaintiff may not establish facts from which an inference of negligence may be drawn. The rule is apparently grounded in the concepts of foreseeability and notice. (Lagoda v Dorr, 28 AD2d 208 [3d Dept 1967].)
Violation of a rule of an administrative agency or of an ordinance of a local government is “ ‘some evidence which the jury may consider on the question of defendant’s negligence’.” (Long v Forest-Fehlhaber, 55 NY2d 154, 160 [1982], quoting Teller v Prospect Hgts. Hosp., 280 NY 456, 460 [1939].) Query: does this principle override the long-standing common-law rule where there has been a violation of a leash ordinance? This issue has not been addressed by the Second Department. The Third and Fourth Departments have reached opposite conclu *124 sions. The Third Department has held that the common-law rule does not govern. In a case wherein defendants were not aware of any vicious propensities, the Court held: “Under the circumstances, we conclude, first, that a factual issue exists as to whether defendants violated the Town’s animal control ordinance and, second, that the trier of fact is entitled to consider such violation, if found, to constitute some evidence of defendant’s negligence.” (Clo v McDermott, 239 AD2d 4, 6 [3d Dept 1998].) The Fourth Department has held that the necessity to prove vicious nature is not obviated by a violation of an ordinance. “We reject the contention of plaintiff that defendants’ violation of the Cheektowaga Town Ordinance requiring the leashing of dogs is some evidence of negligence. It is uncontested that the dog was tethered in the yard, and thus was restrained in compliance with the Town Ordinance. But, even if the manner in which the dog was tethered violated the Town Ordinance, that would not affect the essential issue whether the dog was vicious and, if so, whether defendants had knowledge thereof.” (Arcara v Whytas, 219 AD2d 871, 872 [4th Dept 1995]; see also, Sinon v Anastasi, 244 AD2d 973 [4th Dept 1997].)
A further complication arises from the fact that the incident occurred in a national park. Great Kills Park is part of the Gateway National Recreation Area. (16 USC § 460cc.) Plaintiffs have argued that, notwithstanding this fact, local ordinances apply within the park because there are no Federal regulations governing the control of dogs in Federal parks. Plaintiffs are mistaken. 36 CFR — Parks, Forest, and Public Property provides in pertinent part as follows:
“§ 2.15 Pets.
“(a) The following are prohibited * * *
“(2) Failing to crate, cage, restrain on a leash which shall not exceed six feet in length, or otherwise physically confine a pet at all times.”
“§ 1.2 Applicability and scope.
“(a) The regulations contained in this chapter apply to all persons entering, using, visiting, or otherwise within:
“(1) The boundaries of federally owned lands and waters administered by the National Park Service.”
The issue remaining is whether to construe a violation of the Federal regulation as the equivalent of a violation of a local ordinance, in which case the court must decide whether to follow the Third or Fourth Department as to its impact, or as the *125 equivalent of a violation of a statute. The issue has been addressed by the Federal courts. “National Park Service regulations, 36 Code Fed.Regs. §§ 1-34, issued by the Secretary of the Interior, 39 Stat. 535 (1916), as amended, 16 U.S.C.A. § 3 * * * have the force of law.” (United States v Petersen, 91 F Supp 209, 213; see also, General Motors Corp. v Abrams, 897 F2d 34 [2d Cir 1990].) Moreover, violation of a leash regulation on Federal parklands has been held to constitute negligence. In Staton v United States (566 F Supp 174 [WD Va 1983]) plaintiff sued the United States for the act of a park ranger shooting plaintiffs three dogs who were running loose in a park. The court dismissed the action finding that plaintiff was negligent per se for allowing his dogs to run onto park property in violation, inter alia, of 36 CFR 2.8 (a) and (d). Under Virginia law, his contributory negligence barred his recovery.
Under New York law, where a statute imposes a duty, violation thereof constitutes negligence (Martin v Herzog, 228 NY 164 [1920]), and obviates the need to prove the elements of common-law negligence, e.g., notice. (Smulczeski v City Ctr., 3 NY2d 498 [1957].) Liability results where, as here, the injury is the very occurrence the statute is designed to prevent and the victim is a member of the protected class, provided proximate cause is also shown. (Lopes v Rostad, 45 NY2d 617 [1978]; Di Ponzio v Riordan, 89 NY2d 578 [1997].) Thus the effect to be given to a violation of a statute under New York law is consistent with that found by the District Court in Staton (supra).
I find therefore that defendants’ liability is governed by 36 CFR 2.15, a violation of which constitutes negligence. Consequently it is unnecessary to decide whether to follow the Third or Fourth Department’s treatment of a local ordinance violation. Plaintiffs have not, however, alleged violation of the Federal rule in the complaint or bill of particulars. Accordingly, defendant’s motion is granted unless plaintiffs shall appropriately amend their pleadings, leave for which is hereby granted. Plaintiffs shall have 30 days from the date hereof to comply.