■ ROBERT SERS, an Infant, by His Mother and Natural Guardian, ANNA SERS, et al., Appellants, v VICTORIA MANASIA et al., Defendants, and SANTO CATALANO et al., Respondents. [720 NYS2d 192] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated November 17, 1999, as granted those branches of the separate motions of the defendants Santo Catalano and John Carlo Gandolfo, the defendant Epifano Manasia, and the defendant Carl Gandolfo, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The infant plaintiff was invited by the respondent Carl Gandolfo to spend the weekend at property owned by the respondents Santo Catalano, John Carlo Gandolfo, and Epifano Manasia, and the defendant Leonardo DeProspo. While there, he was injured by a German shepherd owned by the defendant Victoria Manasia.

The respondents made a prima facie showing of their entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). In opposition, the plaintiffs failed to come forward with evidence establishing either the existence of the dog's alleged vicious propensities or the respondents' knowledge thereof (*see, Luts v Weeks,* 268 AD2d 568; *Althoff v Lefebvre,* 240 AD2d 604; *White v Bruner,* 233 AD2d 439). Liability cannot be premised solely on the fact that the dog was occasionally confined in a pen on the property, as there is no evidence that the pen was built in response to any vicious acts by the dog (*see, Althoff v Lefebvre, supra*). The nature and severity of the attack does not demonstrate knowledge of the dog's alleged vicious propensities (*see, Craig v Reed,* 272 AD2d 288; *Luts v Weeks, supra*), nor does evidence of the violent tendencies of this particular breed raise a triable issue of fact as to the propensity for violence of this particular dog (*see, Bohm v Nystrum Constr.,* 208 AD2d 668, 669; *DeVaul v Carvigo Inc.,* 138 AD2d 669, 670; *cf., Beljean v Maiuzzo,* 256 AD2d 533). In the absence of any additional corroborative evidence, Epifano Manasia's use of "Beware of Dog" signs on his other residence, where the dog once lived, does not raise a triable issue of fact as to the dog's vicious propensities. Indeed, Epifano Manasia testified that he had posted the signs before the dog lived there to deter intruders and that the signs remained after the dog had left (*see, Lugo v Angle of Green,* 268 AD2d 567).

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.