■ KEN NOREIKA, Respondent, v PHILIP CASCIOLA et al., Appellants. [772 NYS2d 848]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated April 4, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

To recover in strict liability in tort for a dog bite, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's propensities (*see Lugo v Angle of Green,* 268 AD2d 567 [2000]; *Bohm v Nystrum Constr.,* 208 AD2d 668, 668-669 [1994]). The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320

[1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Sers v Manasia,* 280 AD2d 539, 540 [2001]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the dog had vicious propensities or whether the defendants knew of such propensities (*see Collier v Zambito,* 1 NY3d 444 [2004]; *Fontanas v Wilson,* 300 AD2d 808, 809 [2002]; *Luts v Weeks,* 268 AD2d 568 [2000]; *Lugo v Angle of Green, supra).*

Moreover, with respect to the portion of the plaintiff's complaint sounding in common-law negligence, the defendants also established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra).* In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants were negligent in failing to prevent a reasonably foreseeable injury (*see Ballard v Campbell,* 304 AD2d 780 [2003]; *Luts v Weeks, supra; Althoff v Lefebvre,* 240 AD2d 604 [1997]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.