■ MARGARET FRAGIACOMO et al., Respondents, v JOSEPH PARRILLA et al., Appellants. [784 NYS2d 646]—

In an action to recover damages for personal injuries, etc., the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 9, 2004, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the separate motions are granted, and the complaint is dismissed.

The plaintiff Margaret Fragiacomo alleged that she was injured when a cat owned by the defendant Michael Russo ran in front her and acted aggressively toward her, causing her to fall. To recover in strict liability in tort for the injury, it was necessary to prove that the cat had vicious propensities and the defendants knew or should have known of them (*see Strunk v*

*Zoltanski,* 62 NY2d 572 [1984]; *Lugo v Angle of Green,* 268 AD2d 567 [2000]). Here, the evidence submitted by the plaintiffs in opposition to the defendants prima facie showing failed to raise a triable issue of fact as to whether the cat had vicious propensities or whether the defendants knew or should have known of them (*see White v Bruner,* 233 AD2d 439 [1996]; *Powell v Wohlleben,* 256 AD2d 396 [1998]; *Nidzyn v Stevens,* 148 AD2d 592 [1989]).

The defendants also established their entitlement to judgment as a matter of law with respect to the plaintiffs' allegations of common-law negligence. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants were negligent in failing to prevent a reasonably foreseeable injury (*see Althoff v Lefebvre,* 240 AD2d 604 [1997]; *White v Bruner, supra*; *cf. Lisi v MRP Holdings,* 238 AD2d 316 [1997]). Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.