■ ANNA MARIA PARENTE, Appellant, v FRANK CHAVEZ et al., Respondents. [793 NYS2d 517]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated November 20, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages for personal injuries based on a bite she received on the face from a dog named Shadow owned by the defendants. The plaintiff asserted two causes of action. The first sounded in common-law negligence, alleging that the defendants were negligent or reckless in the manner in which they kept and supervised the dog. The second sounded in strict liability on the theory that the attack occurred because of Shadow's vicious propensities, and that the defendants were aware of those propensities.

Contrary to the Supreme Court's determination, the plaintiff proffered sufficient evidence in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on her strict liability cause of action. The evidentiary submissions of the plaintiff raised triable issues of fact as to whether Shadow had vicious propensities and whether the defendants had or should have had notice thereof (*see Collier v Zambito*, 1 NY3d 444 [2004]; *cf. Noreika v Casciola*, 5 AD3d 571 [2004]). Some of the evidence which established an issue of fact as to such propensity and notice thereof consisted of admissions by the defendant Stephanie Anis-Chavez to the plaintiff after the incident that Shadow was a guard dog used to protect and watch over landscaping equipment that the defendants kept in their yard (*see Collier v Zambito, supra*), that a pen had to be constructed in the yard for Shadow to keep him away from the mailman and other guests (*see id.*) and that the defendants posted a "Beware of Dog" sign on the property after acquiring Shadow (*see Lugo v Angle of Green*, 268 AD2d 567 [2000]; *Beljean v Maiuzzo*, 256 AD2d 533 [1998]). In addition, the defendant Frank Chavez testified at his deposition that he called out to the plaintiff just before she was bitten and advised her not to call the dog and not to enter the property because, inter alia, Shadow was loose in the yard. A jury may conclude that he

was in fact aware of the dog's vicious propensities (*see Ballard v Campbell*, 304 AD2d 780 [2003]; *Colarusso v Dunne*, 286 AD2d 37 [2001]).

Furthermore, the Supreme Court also erred in failing to find that the plaintiff raised triable issues of fact as to whether the defendants could be liable to her under a common-law negligence theory. The size and strength of the dog, particularly as manifested by the manner in which it bit the plaintiff, raise triable issues of fact as to whether the defendants acted in a reasonably prudent manner (*see Luts v Weeks*, 268 AD2d 568 [2000]). Thus, there are triable issues of fact as to whether the defendants breached the duty of care owed the plaintiff by failing to take reasonable measures to prevent the incident at issue and, if so, whether such a breach was a proximate cause of the damages alleged (*see Colarusso v Dunne, supra*). Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.