HENRY ZELMAN et al., Appellants, v ANTHONY COSENTINO, Defendant, and ANNE COSENTINO, Respondent. [803 NYS2d 652]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 4, 2004, which granted the motion of the defendant Anne Cosentino for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff Henry Zelman (hereinafter the plaintiff) alleges that he was injured "in mind and body" when the defendants' German shepherd jumped over a low hedge and knocked him to the ground while he was working on a telephone line in a neighboring yard. The dog allegedly stood on the plaintiff's chest for "less than a minute" growling and snapping before getting off and returning to his yard. The dog did not bite the plaintiff. The complaint was dismissed insofar as asserted against the deceased defendant, Anthony Cosentino, for the failure of the plaintiff to have a substitute appointed for the decedent (*see* CPLR 1021).

The defendant Anne Cosentino demonstrated her prima facie entitlement to summary judgment on both the strict liability and negligence causes of action by testifying at a deposition that her dog never previously attacked or jumped on anyone, never broke away from his leash, and never ran away, except that on one occasion several years earlier, the dog was found across the street from her house (*see Noreika v Casciola*, 5 AD3d 571 [2004]; *Althoff v Lefebvre*, 240 AD2d 604 [1997]). In opposition, the plaintiffs failed to come forward with evidence establishing either the existence of the dog's vicious propensity, his

propensity to jump on people, or the defendant's awareness thereof (*see Collier v Zambito,* 1 NY3d 444 [2004]; *Sers v Manasia,* 280 AD2d 539 [2001]; *Althoff v Lefebvre, supra*). The plaintiffs' reliance on the dog's one previous escape was insufficient to raise a triable issue of fact, as there was no evidence that the dog jumped on or attacked anyone during that episode (*cf. Coon v Holmes,* 253 AD2d 731 [1998]).

The mere fact that the dog was unrestrained at the time of the incident did not raise a triable issue of fact, as "liability cannot be premised solely on the fact that the defendant left the dog unrestrained" (*Althoff v Lefebvre, supra* at 604; *see Cameron v Harari,* 19 AD3d 631 [2005]).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.