■ LEV LIBERMAN et al., Appellants, v CITY OF NEW YORK, Respondent. [808 NYS2d 255]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiff Lev Liberman appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated May 18, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing his complaint, and the plaintiffs Marlene Fils-Aime and Serge Benoit separately appeal, as limited by their brief, from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing their complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaints are reinstated.

The Supreme Court erred in granting summary judgment dismissing the complaints asserted against the defendant in its capacity as the owner of the vacant lots. In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiffs submitted sufficient evidence to raise triable issues of fact as to whether the defendant had notice of the presence of the dogs on its property and whether it knew or should have known of their vicious propensities (*see White v Bruner*, 233 AD2d 439 [1996]) or that the dog pack possessed a special attribute that posed a foreseeable risk of injury to members of the public using the adjacent boardwalk (*see Rhabb v New York City Hous. Auth.*, 41 NY2d 200 [1976]; *Colarusso v Dunne*, 286 AD2d 37 [2001]). Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.