I.A. v Mejia (2019 NY Slip Op 05757)





I.A. v Mejia


2019 NY Slip Op 05757


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-07604
 (Index No. 22947/14)

[*1]I. A., etc., et al., respondents,
v
Jose F. Mejia, et al., appellants.


Sclar Law Group, LLP, Brooklyn, NY (Alan M. Sclar of counsel), for appellants.
Bornstein & Emanuel, P.C., Great Neck, NY (Neil R. Finkston and Joseph Green of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 10, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of I.A.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 13, 2014, then 11-year-old I.A. allegedly was injured after being bitten on the face by the defendants' dog while he was at the defendants' house with his older brother, C.A. I.A.'s mother commenced this action on behalf of both children to recover damages for their injuries. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they had no notice of any vicious propensities on the part of the dog. In an order dated April 10, 2018, the Supreme Court denied the defendants' motion as to the causes of action asserted on behalf of I.A., and granted the motion as to the cause of action asserted on behalf of C.A. The defendants appeal from so much of the order as denied their motion as to the causes of action asserted on behalf of I.A.
"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities" (Palumbo v Nikirk, 59 AD3d 691, 691; see Bloomer v Shauger, 21 NY3d 917, 918; Collier v Zambito, 1 NY3d 444, 446; Lipinsky v Yarusso, 164 AD3d 896, 897). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (Ioveno v Schwartz, 139 AD3d 1012, 1012; see Bard v Jahnke, 6 NY3d at 597; Collier v Zambito, 1 NY3d at 446-447; Jackson v Georgalos, 133 AD3d 719, 719-720). "Knowledge of an animal's [*2]vicious propensities may also be discerned, by a jury, from the nature and result of the attack" (Matthew H. v County of Nassau, 131 AD3d 135, 148; see Hai v Psoras, 166 AD3d 732, 733; Wilson v Livingston, 305 AD2d 585, 586; Beljean v Maiuzzo, 256 AD2d 533, 534).
Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted on behalf of I.A. through affidavits which demonstrated that the defendants were unaware of any incident where the dog bit any person or animal, or acted aggressively, viciously, or ferociously, or attacked, harmed, or threatened to harm any person or animal (see Ioveno v Schwartz, 139 AD3d at 1012-1013). In opposition, the plaintiffs submitted evidence demonstrating that the dog was kept, at least in part, as a guard dog, that the dog, unprovoked, bit I.A. on the face and would not let go until another boy pried open the dog's mouth, and that I.A. suffered multiple severe lacerations to his face which required emergency surgery and left him with multiple scars. While the hospital records submitted by the plaintiffs were uncertified (see CPLR 4518[c]), hearsay evidence may be considered in opposition to a motion for summary judgment where, as here, it was not the only evidence upon which opposition to the motion was predicated (cf. Alpha Invs., LLC v McGoldrick, 151 AD3d 800, 802). Viewing this evidence in the light most favorable to the plaintiffs and resolving all reasonable inferences in their favor (see Derise v Jaak 773, Inc., 127 AD3d 1011, 1011), the evidence was sufficient to raise a triable issue of fact as to whether the defendants knew or should have known that their dog had vicious propensities (see Hahnke v Friederich, 140 NY 224, 227; Francis v Becker, 50 AD3d 1507, 1507-1508; Parente v Chavez, 17 AD3d 648, 649; Beljean v Maiuzzo, 256 AD2d at 534). Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of I.A.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court