■ JOHN G. CALANDRA et al., Appellants, v WILLIAM NORWOOD et al., Respondents. (Action No. 1.) ERNEST STEADMAN, Plaintiff, v WILLIAM NORWOOD et al., Defendants. (Action No. 2.) — In consolidated personal injury actions, plaintiffs in the first action appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered January 24, 1980, as was in favor of all the defendants in that action and against them, after a jury trial. Judgment modified, on the law, by (1) adding to the first decretal paragraph thereof, after the words "defendants in Actions No. 1

and 2", the following: "except defendant the City of New York in Action No. 1", and (2) by deleting the sixth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and as between plaintiffs in the first action and defendant the City of New York, action severed and matter remanded for a new trial in accordance herewith. In these actions arising out of a multiple car collision, the City of New York (a defendant in the first action) was permitted to introduce into evidence, over the objection of appellants' counsel, as a past recollection recorded, a statement by Sammon, the driver of the city's vehicle, which was taken in the office of the city's Comptroller, some four and one-half months after the accident. There are three criteria for admission of a written memorandum, made by a witness, under the rule of past recollection recorded: (1) that it was made at or about the time of the matters to which it relates, (2) that its accuracy at the time of its making is presently certified to by the witness, and (3) there is a necessity for its introduction due to the witnesses' present inability to recall the facts of the matter (see Richardson, Evidence [Prince, 10th ed], § 469). At the foundation of this rule, like most hearsay exceptions, is an apparent trustworthiness (see *Iannielli v Consolidated Edison Co.*, 75 AD2d 223; *People v Raja*, 77 AD2d 322). In the instant case, that apparent trustworthiness was diminished by the four- and one-half month gap between the accident and the statement. While there is no rigid rule as to how soon after the event the statement must have been made (see, e.g., *People v Caprio*, 25 AD2d 145 [28 hours]; *Toll v State of New York*, 32 AD2d 47 [15 days]), under the circumstances at bar the delay was too great. Accordingly, since the criterion of the statement being made at or about the time of the event was not met, the statement was inadmissible as a past recollection recorded. We do not address whether the other criteria were satisfied. We also note that the court erred in refusing, over counsel's objection, to give an interested witness charge as to Sammon. Although he was no longer a party defendant to the suit (the action having been deemed abandoned as to him) he was an alleged negligent actor who would still have been liable to indemnify the vicariously liable city for any judgment recovered against it. Therefore he was an interested party, and appellants were entitled to have the jury so charged (see *Coleman v New York City Tr. Auth.*, 37 NY2d 137). Under the facts of this case we cannot say that this failure to charge was not prejudicial. As a result of these two erroneous rulings in favor of the city, we find a new trial is necessary as to it. The verdicts in favor of the other defendants in the first action may stand. Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.