OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of defendants’ motion for summary judgment dismissing all of the claims against the defendants herein. Plaintiff opposes this motion and in turn, makes a cross motion for summary judgment in favor of the plaintiff.
*77 Plaintiff alleges that on September 23, 1986, at 8:00 p.m., as plaintiff proceeded westbound on Route 5 in the Town of Hamburg, that defendants’ dog entered the roadway. Plaintiff swerved to avoid hitting the dog and sideswiped a vehicle to her left also traveling westbound. Plaintiff attempted to pull her car onto the shoulder, lost control and went over a cliff and onto the beach below. Plaintiff commenced a suit on the basis that defendant was negligent in allowing the dog, a Great Dane, to run into the highway and failure to restrain the dog as per the Leash Law.
Defendant, Kathy Rowlands, at her deposition, stated that she and her husband, defendant, Lee Rowlands, allow their Great Dane out to their yard every day, unattended and their dog never left their yard. The defendants had never gotten any complaints from their neighbors stating that the dog was loose and wandering; however, the defendants’ premises is only 30 feet from Route 5, a very heavily trafficked area.
The defendant’s motion relies heavily on the case of Young v Wyman (159 AD2d 792 [3d Dept 1990], affd 76 NY2d 1009 [Dec. 1990]) in support of their motion for summary judgment and dismissal of the claims against the defendant. In that case, the Court of Appeals upheld the contentions of the Third Department, who concluded that the mere presence of an unrestrained dog on the street does not give rise to the presumption of negligence on the part of its owner. The Third Department stated that, there must "be some proof * * * beyond a mere showing that [the] dog was in the road[way] at the time of the accident” in order for a negligence action to lie against the dog’s owner (supra, at 794).
In the instant case, the defendants’ dog is a very large dog, a Great Dane, who was allowed to roam the defendants’ property, daily, without restraints. The defendants’ property is on a heavily trafficked area in close proximity to the highway, Route 5.
Consequently, there is "some proof * * * beyond a mere showing that [the] dog was in the road[way] at the time of the accident” (Young v Wyman, supra, at 794). Therefore, there are questions of fact to be resolved by the jury concerning defendants’ negligence. Summary judgment is, therefore, denied.