■ RALPH NILSEN et al., Appellants, v RAYMOND JOHNSON et al., Respondents. [594 NYS2d 913] —Mercure, J. Appeal from an order of the Supreme Court (White, J.), entered May 21, 1992 in Fulton County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries allegedly sustained by plaintiff Ralph Nilsen (hereinafter plaintiff) when defendants'* dog passed in front of his moped and caused him to crash. The theory of liability is that defendants were negligent in failing to properly control and restrain the dog and in permitting it to run loose. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint upon the ground that the mere presence of a dog on the street does not give rise to a presumption of negligence *(see, Young v Wyman,* 76 NY2d 1009, *affg* 159 AD2d 792) and there was no evidence presented on the motion that the dog was vicious or was in the habit of interfering with traffic. Plaintiffs appeal.

There should be an affirmance. In *Young v Wyman* (159 AD2d 792, *affd* 76 NY2d 1009, *supra),* it was alleged that the defendant was negligent in allowing his daughter's dog to run unattended into the street, causing a car to swerve and strike the plaintiff's infant son, who was riding a bicycle at the time. A divided panel of this Court determined that "[a]s a general proposition '[a] dog, unless vicious, has a right in the highway, and presumably, absent evidence of negligence, the dog's

---

* It appears that the action has been voluntarily discontinued against defendant Paul R. Johnson.

owner cannot be charged with liability for injury caused [merely] by its presence therein' " *(supra,* at 793-794, quoting 3 NY Jur 2d, Animals, § 48, at 625-626). A similarly divided Court of Appeals affirmed on the limited basis that "the mere presence of an unrestrained dog on the street does not give rise to a presumption of negligence on the part of its owner" *(Young v Wyman,* 76 NY2d 1009, 1010, *supra).* Apparently, the existence of a town ordinance which prohibited dog owners from permitting their dogs to be " 'at large' ", i.e., " 'on property open to the public' " including public roadways, did not affect the determination of the majority in either court *(see, supra,* at 1011 [Kaye, J., dissenting]).

Here, defendant Raymond Johnson testified at an examination before trial that the dog was let out without restraint only twice daily, once in the early morning and again at night, although he acknowledged that the dog did occasionally get out on his own if the door was not "latched tight". We note in that regard that there was no ordinance in effect which prohibited defendants from letting their dog run free. Further, Johnson testified that defendants received no reports of the dog being a nuisance in the roadway and were not aware of any occasion where a car had to stop quickly to avoid hitting it. At most, the evidence established that defendants were aware that the dog would run across the road from time to time. We conclude that, in the absence of evidence that defendants knew or should have known that their dog was vicious or had a propensity to interfere with vehicular traffic, there is no factual basis for a finding of negligence *(see, supra; cf., Mitura v Roy,* 174 AD2d 1020; *Hosken v Rowlands,* 152 Misc 2d 76).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

