■ JUD A. STALLER et al., Appellants, v JOHN WESTFALL, Respondent. [639 NYS2d 147] —Mercure, J.

Plaintiff Jud A. Staller sustained the injuries forming the basis for this action when defendant's dog, an eight-month-old mixed-breed Labrador and Husky, proceeded into the road in front of his bicycle, causing a collision. Whether the action is pleaded in negligence or in strict liability, a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic (*see, Toolan v Hertel*, 201 AD2d 816; *Nilsen v Johnson*, 191 AD2d 930; *Young v Wyman*, 159 AD2d 792, 793-794, *affd* 76 NY2d 1009). Here, there was no evidence that defendant possessed actual or constructive notice that his dog was either vicious or likely to interfere with traffic, and we are not persuaded that the dog's age, size or breed, or the fact that it was not chained or otherwise prevented from entering the roadway, provided an independent basis for liability (*see, supra*). Under the circumstances, we conclude that Supreme Court properly granted summary judgment dismissing the complaint (*see, Toolan v Hertel, supra*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.