■ WARREN H. HYDE et al., Appellants, v MARY CLUTE, Respondent. [652 NYS2d 836] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 16, 1996 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Warren H. Hyde (hereinafter Hyde) was injured when he fell off his bicycle after being chased by defendant's dog. He and his wife commenced this action against defendant for personal injuries alleging causes of action sounding in negligence and strict liability. After joinder of issue, defendant moved for summary judgment dismissing the complaint for failure to establish a prima facie case. Supreme Court granted the motion and this appeal by plaintiffs ensued.

"Whether the action is pleaded in negligence or in strict liability, a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of

its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885; *see, Toolan v Hertel*, 201 AD2d 816). In the case at hand, plaintiffs alleged that defendant was negligent in allowing her dog to run at large with knowledge that the dog had a propensity to chase cyclists and jump upon them. They, however, failed to submit proof to substantiate this contention.

Hyde testified at his examination before trial that defendant's dog came from behind him while he was riding his bicycle and jumped on him, causing him to fall to the ground. He stated, however, that the dog did not appear aggressive, but looked as if it wanted to lick his face. Defendant testified that although her dog would occasionally follow her husband on his bicycle, she was not aware of any prior incidents in which her dog presented a hazard to cyclists. Hyde's wife averred in her affidavit that defendant told her the dog had been taught to chase family members while they were on their bicycles. Even if this were true, it is insufficient to defeat defendant's motion for summary judgment because it does not establish that defendant was aware of her dog's alleged propensity to jump on cyclists, the very event which plaintiffs contend caused Hyde's injuries. In view of this, we find no reason to disturb Supreme Court's order.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.