[668 NYS2d 743]

JOHN N. CLO, Appellant, v DENNIS MCDERMOTT et al., Respondents.

Third Department, February 5, 1998

### APPEARANCES OF COUNSEL

*Caputo, Aulisi & Skoda,* Gloversville *(Richard T. Aulisi* of counsel), for appellant.

*Horigan, Horigan, Pennock & Lombardo,* Amsterdam *(Joseph D. Giannetti* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Plaintiff commenced this action to recover for injuries he

sustained in an August 8, 1993 accident. At the time, plaintiff was riding his bicycle along the side of County Route 1 in the Town of Westerlo, Albany County, when defendants' cocker spaniel, "Troubles", ran out in front of him. Plaintiff struck the dog with the front wheel of his bicycle and was thereby caused to catapult over the handlebars and to the ground. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

Under established common law, "a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885; *see, Nilsen v Johnson*, 191 AD2d 930). In this case, the undisputed evidence adduced on the summary judgment motion supported the conclusion that defendants were aware of no such propensities or habit. Specifically, the record shows that defendants never received any complaint about the dog, that the dog was not permitted outside unless accompanied by a member of defendants' family and that the dog did not have a habit of chasing cars. In addition, the dog did not chase other animals and "usually did nothing" when people rode by on bicycles. In our view, evidence of a solitary incident where, as a puppy, the dog received minor injuries when struck by a car at the edge of the road is not probative on the issue (*see, Nilsen v Johnson, supra,* at 931).

The more difficult question is whether the common-law rule necessarily controls in a case where there has been a violation of an applicable animal control ordinance. The Town of Westerlo's Animal Control Law (Local Laws, 1988, No. 3 of Town of Westerlo) provides in pertinent part as follows:

"Sec. 4. Restrictions.

"It shall be unlawful for any owner of any dog in the Town of Westerlo to permit or allow such dog to:

"(a) Run at large unless accompanied by and under the control of its owner or a responsible person * * *

"(d) Chase, jump on or otherwise harass any person in such manner as to reasonably cause intimidation or fear or to put such person in reasonable apprehension of bodily harm or injury".

Under the ordinance, "[r]unning at large" is defined to mean "being unrestrained in a public place or on private lands

without the knowledge, consent and approval of the owner of such lands" *(id.,* § 3 [b]). Because the roadway could be considered a "public place" within the purview of the ordinance *(see, Young v Wyman,* 76 NY2d 1009, 1011 [Kaye, J., dissenting]), there is evidence in the record to support a finding that, by permitting Troubles to chase after plaintiff and run into the road, defendants' conduct fell within the proscriptions of section 4 (a) and (d) of the ordinance.

Recognizing that there was some question as to whether defendants may have violated the Town's animal control ordinance, Supreme Court nonetheless concluded that it made no difference because such violations "have been granted little weight by courts in New York in factually similar situations". We disagree. In *Young v Wyman* (159 AD2d 792, *affd* 76 NY2d 1009, *supra),* neither the majority of this Court nor the five-Judge majority at the Court of Appeals gave any consideration to the effect of the existing animal control ordinance *(see, Nilsen v Johnson,* 191 AD2d 930, 931, *supra),* and the Court of Appeals carefully limited its holding to the proposition that "the mere presence of an unrestrained dog on the street does not give rise to a presumption of negligence on the part of its owner" *(Young v Wyman,* 76 NY2d 1009, 1010, *supra).* Supreme Court's reliance upon our decision in *Nilsen v Johnson (supra)* is also inapt, for there we gave specific weight to the fact that "there was no ordinance in effect which prohibited [the] defendants from letting their dog run free" *(id.,* at 931). Of course, the general rule is that the violation of an ordinance is some evidence of negligence *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522; *Long v Forest-Fehlhaber,* 55 NY2d 154, 160; *see also, Young v Wyman, supra,* at 1011 [Kaye, J., dissenting]), and no persuasive argument has been made that the rule should not apply in cases such as this one *(see, Amado v Estrich,* 182 AD2d 1109, 1111). Under the circumstances, we conclude, first, that a factual issue exists as to whether defendants violated the Town's animal control ordinance and, second, that the trier of fact is entitled to consider such violation, if found, to constitute some evidence of defendants' negligence.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.