■ STEPHEN BERG, Appellant, v KENDRA CHAWGO et al., Respondents. [714 NYS2d 838] —Crew III, J. P. Appeal from an order of the Supreme Court (Dowd, J.), entered December 9, 1999 in Chenango County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when the motorcycle he was driving struck defendants' unrestrained dog on a county road. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion, prompting this appeal by plaintiff.

We affirm. Absent any claim that defendants violated an animal control ordinance, plaintiff cannot recover damages from defendants unless defendants were aware that their dog either had vicious propensities or had a habit of interfering with traffic (*see, Clo v McDermott*, 239 AD2d 4, 5). At her deposition, defendant Kendra Chawgo (hereinafter Chawgo) testified that she kept the dog chained outside but, on the day of the accident, the dog had broken the chain. After the dog avoided her efforts to restrain it, Chawgo went to a local store to purchase a new chain. Upon her return, she learned of the

accident. Although Chawgo admitted that the dog had broken free on two other occasions, she also testified that the dog never had been involved in any prior accidents with pedestrians, motor vehicles or motorcycles, nor had she received any complaints from neighbors about the dog running free or entering the road. As to defendant Timothy Chawgo and his awareness of the dog's propensities or habits, Chawgo testified that her spouse moved out of the marital residence several months prior to the accident at issue. Additionally, plaintiff testified at his deposition that he often traveled the road where the accident occurred and had not previously seen the dog.

The foregoing proof clearly satisfied defendants' burden as the parties seeking summary judgment (see, Sinon v Anastasi, 244 AD2d 973; Akley v Clemons, 237 AD2d 780, 783). In opposition, plaintiff failed to submit any evidence that defendants had actual or constructive notice that the dog was either vicious or likely to interfere with traffic (see, Staller v Westfall, 225 AD2d 885). At best, plaintiff demonstrated only that the dog may have roamed the neighborhood on occasion, which is insufficient in and of itself to raise a question of fact (see, Nilsen v Johnson, 191 AD2d 930, 931). Accordingly, Supreme Court properly granted summary judgment to defendants.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.