■ STEPHEN J. SLACIN et al., Appellants, v RALPH AQUAFREDDA et al., Respondents. [768 NYS2d 341]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated December 11, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated May 13, 2003, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 11, 2002, is dismissed, as that order was superseded by the order dated May 13, 2003, made upon reargument; and it is further,

Ordered that the order dated May 13, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In support of their motion for summary judgment dismissing the complaint, the defendants established that their two dogs lacked vicious propensities (see Saboe v Splish Splash at Adventure Land, 272 AD2d 315 [2000]; Lugo v Angle of Green, 268 AD2d 567 [2000]). Furthermore, the defendants established lack of knowledge of a propensity on the part of their two dogs to jump on strangers (see Althoff v Lefebvre, 240 AD2d 604 [1997]; cf. Goldberg v LoRusso, 288 AD2d 257 [2001]) or to cause harm if left unrestrained (see Ballard v Campbell, 304 AD2d 780 [2003]; Hyde v Clute, 235 AD2d 909 [1997]; Nilsen v Johnson, 191 AD2d 930 [1993]).

In opposition to the motion for summary judgment, the plaintiffs failed to come forth with evidence sufficient to raise a triable issue of fact. The plaintiffs' allegation that the defendants were negligent because they violated the dog control ordinance of the Town of Wappinger was improperly raised for the first time in opposition to the motion. Accordingly, the plaintiffs could not rely on this new theory to defeat the defendants' motion for summary judgment (see Araujo v Brooklyn Martial Arts Academy, 304 AD2d 779, 780 [2003]; Gustavsson v County of Westchester, 264 AD2d 408 [1999]; Alvarez v Lindsay Park Hous. Corp., 175 AD2d 225 [1991]). Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.