■ Laurie Nikitin et al., Appellants, v Darrel Lexandra et al., Respondents. [806 NYS2d 239]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Horowitz, J.), dated June 30, 2004, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated August 30, 2004, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of their motion for summary judgment dismissing the complaint, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by establishing their lack of knowledge of any vicious propensities on the part of their dog (*see Collier v Zambito*, 1 NY3d 444, 447-448 [2004]; *Slacin v Aquafredda*, 2 AD3d 624, 625 [2003]).

In opposition to the motion for summary judgment, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact. The plaintiffs' allegation that the defendants were negligent because they violated a local ordinance was improperly raised for the first time in opposition to the motion. Accordingly, the plaintiffs could not rely on this new theory to defeat the defendants' motion for summary judgment (*id.*). Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.