CHERYL MORSE, Respondent, v FRANCES COLOMBO et al., Appellants. [819 NYS2d 162]—

Kane, J. Appeal from an order of the Supreme Court (Doyle, J.), entered June 1, 2005 in Columbia County, which denied defendants' motion to set aside a verdict rendered in favor of plaintiff.

A few days after plaintiff began living at defendants' home as a caretaker for defendant Joseph Colombo, defendants' dog bit her hand, causing injuries. During the ensuing litigation, Supreme Court (Connor, J.) granted defendants' motion for summary judgment dismissing the complaint. This Court reversed that order, finding issues of fact regarding defendants' knowledge of their dog's vicious propensities (8 AD3d 808 [2004]). At trial (Doyle, J.), the jury returned a verdict in plaintiff's favor, finding that defendants' dog had vicious propensities prior to this incident, defendants knew or should have known about these propensities, defendants were negligent and their negligence was a substantial factor in causing the bite, and plaintiff was negligent but her negligence was not a substantial factor in causing the bite. Defendants filed a CPLR 4404 (a) motion to set aside the verdict, alleging that it was against the weight of the evidence and that the court committed prejudicial errors. The court denied defendants' motion, prompting this appeal.

Because several errors were committed at trial, we reverse.

As plaintiff concedes, the Court of Appeals recently clarified that cases involving injuries inflicted by domestic animals may only proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence (*see Bard v Jahnke*, 6 NY3d 592, 599 [2006], citing *Collier v Zambito*, 1 NY3d 444 [2004]; *see also Mindel v Jones*, 16 AD3d 857, 858 [2005], *lv denied* 5 NY3d 705 [2005]; *Shaw v Burgess*, 303 AD2d 857, 859 [2003]). Thus, Supreme Court erred when it permitted plaintiff to introduce evidence relating to defendants' negligence and charged the jury on a common-law negligence theory. Evidence concerning Joseph Colombo's behavior, including allegations that he abused alcohol and prescription drugs and brandished a weapon, were irrelevant in this dog bite case. Such evidence was not only inadmissible, it was inflammatory and prejudicial to defendants.

Supreme Court erred in admitting the affidavit of Joseph Colombo's physician as a past recollection recorded. The criteria for admission under that doctrine are that the document relates to matters the witness observed, the matters were fairly fresh when recorded or adopted, the witness testifies that the document accurately represented his or her recollection and knowledge when it was made and the witness is presently unable to recall the facts of the matter (*see People v Taylor*, 80 NY2d 1, 8 [1992]; *Calandra v Norwood*, 81 AD2d 650, 651 [1981]). The physician's affidavit here stated that Joseph Colombo had an appointment with the physician the day after the incident, plaintiff accompanied him to the visit and the physician saw plaintiff's bite. It further stated that the physician heard from a source that she could no longer remember that the dog bit someone else prior to this incident, she could not remember any details about this prior bite and the source of this information must have been plaintiff or one of the defendants. The affidavit was signed almost two years after this medical appointment, when the matter was not fresh as noted by the physician's inability to recall details at that point (*cf. Calandra v Norwood, supra* at 651). She also testified that she did not identify plaintiff or defendants as the source of information regarding the prior bite, but that this detail was added to the affidavit by plaintiff's counsel. As the matter was not fresh and the physician testified that the document did not accurately represent her recollection when she signed it, the court erred in admitting the affidavit as a past recollection recorded. Although the physician's testimony called the affidavit's accuracy into question, its admission was not harmless because it bore directly on the issue of defendants' knowledge of their dog's prior vicious propensities.

All of plaintiff's testimony about dachshunds was improperly

admitted. Plaintiff testified about two dachshunds that she knew that mauled and killed a larger dog. That incident was irrelevant, inflammatory and prejudicial. General testimony regarding the dachshund breed was likewise inadmissible (*see Bard v Jahnke, supra* at 599).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, motion granted, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.