■ DANA ALIA, Appellant, v BRIAN FIORINA et al., Respondents. [833 NYS2d 761]—

Rose, J. Appeal from an order of the Supreme Court (Stein,

---

J.), entered January 30, 2006 in Greene County, which granted defendants' motion for summary judgment dismissing the complaint.

While plaintiff was riding his bicycle past defendants' house, defendants' dog ran into the road toward him, struck the front wheel of his bicycle and caused him to fall. Alleging both negligence and strict liability, plaintiff commenced this action to recover for his injuries. Defendants moved for summary judgment dismissing the complaint, alleging that they had no notice that their dog had any propensity to interfere with traffic. Supreme Court granted the motion, and plaintiff appeals.

The Court of Appeals has made clear that a cause of action for ordinary negligence does not lie against the owner of a domestic animal which causes injury (*see Bard v Jahnke*, 6 NY3d 592, 597-599 [2006]; *Morse v Colombo*, 31 AD3d 916, 917 [2006]). Rather, the sole viable claim is for strict liability and, to establish such liability, there must be evidence that the animal's owner had notice of its vicious propensities (*see Bard v Jahnke, supra* at 596-597; *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). As "[v]icious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Collier v Zambito, supra* at 446, quoting *Dickson v McCoy*, 39 NY 400, 403 [1868]), a dog's habit of chasing vehicles or otherwise interfering with traffic could be a "vicious propensity." However, in the absence of such proof, there is no basis for the imposition of strict liability (*see Hyde v Clute*, 235 AD2d 909, 910 [1997]). Further, the alleged violation of a local leash law is irrelevant because such a violation is only some evidence of negligence, and negligence is no longer a basis for imposing liability. Nor will a violation of the local leash law give rise to an inference that defendants had knowledge of their dog's propensity to interfere with traffic (*see Hansen v Perez*, 12 AD3d 1141, 1141 [2004]; *Akley v Clemons*, 237 AD2d 780, 783 [1997]).

Here, defendants established that, although their dog had occasionally run into the road and stood there, they knew of no incidents when it had ever charged or chased vehicles or impeded the flow of traffic. Nor had they received any complaints that the dog had ever interfered with traffic on the road in any way. This evidence was sufficient to shift to plaintiff the burden of raising a question of fact as to defendants' knowledge that the dog had previously interfered with traffic. However, plaintiff's evidence that the dog was occasionally allowed to run loose and would then sometimes go into the road is insufficient to raise a question of fact on this issue (*see*

*Hansen v Perez, supra* at 1141; *Staller v Westfall*, 225 AD2d 885, 885 [1996]).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.