■ JARRETT RIGLEY, Respondent, v WANDA UTTER, Appellant. [862 NYS2d 147]—

Kane, J. Appeal from a judgment of the Supreme Court (Doyle, J.), entered April 24, 2007 in Schoharie County, upon a decision of the court in favor of plaintiff.

Defendant's unleashed dog crossed the road in front of plaintiff, who was driving his motorcycle at the time. To avoid hitting the dog or careening into the ditch at the shoulder of

the road, plaintiff intentionally laid his bike down. He thereafter commenced this action to recover for serious injuries he suffered in this accident. Supreme Court (Lamont, J.) denied defendant's motion for summary judgment. After a nonjury trial, Supreme Court (Doyle, J.) held defendant liable for plaintiff's injuries and awarded plaintiff damages. Defendant appeals, contending that the court improperly denied her motion for summary judgment and improperly found for plaintiff after trial.

Defendant did not establish her entitlement to summary judgment dismissing the complaint. "[A] plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885, 885 [1996]; *see Young v Wyman*, 159 AD2d 792, 793-794 [1990], *affd* 76 NY2d 1009 [1990]). Proof that a dog roamed the neighborhood or occasionally ran into the road is insufficient, although proof that the dog had a habit of chasing vehicles or otherwise interfering with traffic could constitute a vicious propensity (*see Alia v Fiorina*, 39 AD3d 1068, 1069 [2007]; *Berg v Chawgo*, 277 AD2d 620, 620 [2000]; *Nilsen v Johnson*, 191 AD2d 930, 931 [1993]).

On the motion here, plaintiff raised material issues of fact so as to prevent the granting of summary judgment to defendant. Defendant acknowledged at her deposition that the dog chased a particular car. She qualified this testimony by saying it only happened when the driver, a person she could not identify, called to the dog and that when the dog ran to the car it was on a leash. Although defendant asserted that the dog was never out without a leash, she acknowledged that the dog crossed the road to the barn with her son without a leash and the dog was unleashed on the morning of the accident. The submitted proof was sufficient to create a question of fact concerning defendant's knowledge that her dog had a habit of interfering with traffic (*see Alia v Fiorina*, 39 AD3d at 1069; *Nilsen v Johnson*, 191 AD2d at 931). Accordingly, Supreme Court (Lamont, J.) properly denied defendant's motion for summary judgment.

In reviewing a judgment following a nonjury trial where a different conclusion would not have been unreasonable, we accord deference to the trial court's credibility determinations, but we independently weigh the evidence and relative strength of conflicting inferences to be drawn therefrom, then grant the judgment warranted by the record (*see Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]; *Kandrach v State of New York*, 188 AD2d 910, 912-913 [1992]).

At trial, plaintiff presented much the same proof as emerged at the pretrial depositions. Additionally, defendant's son confirmed that the dog regularly went with him to the barn, across the road from defendant's house, without a leash, and would run up to cars that were stopping along the roadway or pulling into the driveway or barn. But in the accident here, the dog did not chase plaintiff's motorcycle; the dog merely ran across the road in front of plaintiff's motorcycle (*see Alia v Fiorina*, 39 AD3d at 1069). Although there was testimony that the dog sometimes approached a particular car when called and other vehicles that were stopped in the driveway, there was no proof that the dog ever interfered with traffic or ran to moving vehicles other than when summoned (*see Hyde v Clute*, 235 AD2d 909, 910 [1997]). Based upon this proof, a judgment should have been rendered in defendant's favor after trial.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the facts, with costs, and complaint dismissed.