■ STEPHEN MYERS et al., Appellants, v WILLIAM R. MACCREA et al., Respondents. [876 NYS2d 806]—

Appeal from an order of the Supreme Court, Allegany County (Mark H. Dadd, A.J.), entered July 23, 2007. The order granted the motions of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Stephen Myers (plaintiff) when he fell from his bicycle upon colliding with one of two dogs that ran into the road adjacent to property owned jointly by five of the seven defendants. Although plaintiff has no memory of the accident, his son was riding his bicycle approximately five yards behind plaintiff at that time, and he testified at his deposition that the dogs ran into the road in front of plaintiff's bicycle. The two dogs fit the general description of dogs owned,

respectively, by defendants Rory MacCrea and Debra MacCrea and defendant Colin MacCrea, their son. Contrary to plaintiffs' contention, Supreme Court properly granted the motions of defendants seeking summary judgment dismissing the complaint. Defendants met their initial burden by submitting evidence establishing that they lacked actual or constructive knowledge that either of the two dogs had a propensity to interfere with traffic on the road (see *Roberts v Joller*, 39 AD3d 1224 [2007]; *Alia v Fiorina*, 39 AD3d 1068, 1069 [2007]; see generally *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). The evidence submitted by plaintiffs establishing that defendants' dogs were permitted to run loose on the 100-acre farm is insufficient to raise a triable issue of fact whether defendants had prior knowledge that either dog had a propensity to interfere with traffic (see *Alia*, 39 AD3d at 1069; see generally *Roberts*, 39 AD3d 1224 [2007]). The statement of defendant Dolores J. Zimmerman MacCrea to an investigator retained by plaintiff that the accident was caused by defendant Colin MacCrea's dog and the statement of defendant Debra MacCrea either to plaintiff wife or to plaintiffs' son that the dogs were "trouble" when they were together are also insufficient to raise a triable issue of fact whether the dogs had a propensity to interfere with traffic (see generally *Zuckerman v City of New* York, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.