# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

404

CA 10-02274

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

JOHN F. SMITH AND LISA SMITH,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

MARIJANE REILLY, DEFENDANT-APPELLANT.

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (STEPHANIE M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA (STEPHANIE A. PALMER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered July 6, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John F. Smith (plaintiff) when a dog owned by defendant ran into the road and collided with plaintiff's bicycle, causing plaintiff to be propelled over the handlebars. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. "[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446). In support of the motion, defendant submitted her own deposition testimony, in which she testified that the dog had a propensity to "bolt" from her residence and that she had observed the dog in and around the roadway on several occasions. Defendant's testimony "raise[s] an issue of fact whether defendant had actual or constructive notice that the dog was either vicious or likely to interfere with traffic" (*Sinon v Anastasi*, 244 AD2d 973; *cf. Roberts v Joller*, 39 AD3d 1224).

Even assuming, arguendo, that defendant met her initial burden on the motion, we conclude that plaintiffs raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to the motion, plaintiffs submitted the affidavit of a witness who had observed the dog loose on a few occasions and averred that the dog "barks and runs for the

roadway." "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities--albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier*, 1 NY3d at 447). Thus, the evidence submitted by plaintiffs also raises a triable issue of fact whether defendant had notice of the dog's proclivity to act in a way that created the risk of harm to plaintiff that resulted in the accident.

All concur except SCUDDER, P.J., and SMITH, J., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent inasmuch as we conclude that Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. It is well settled that the sole viable claim against the owner of a domestic animal that causes injury is for strict liability and, to establish such liability, there must be evidence that the animal's owner had notice of its vicious propensities. The Court of Appeals has often "restated [its] long-standing rule 'that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities. Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Bard v Jahnke*, 6 NY3d 592, 596-597, quoting *Collier v Zambito*, 1 NY3d 444, 446 [internal quotation marks and citations omitted]; *see Petrone v Fernandez*, 12 NY3d 546, 550). Consequently, "a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885; *see Sinon v Anastasi*, 244 AD2d 973).

Here, contrary to the majority's conclusion, defendant established in support of the motion that she had no knowledge of any vicious propensities of the dog or its tendency to interfere with traffic. We have frequently stated that defendants in this type of case will meet "their initial burden by submitting evidence establishing that they lacked actual or constructive knowledge that . . . the . . . dog[] had a propensity to interfere with traffic on the road" (*Myers v MacCrea*, 61 AD3d 1385, 1386). "Here, defendant[] established that, although [her] dog had occasionally run into the road . . . , [she] knew of no incidents when it had ever charged or chased vehicles or impeded the flow of traffic. Nor had [she] received any complaints that the dog had ever interfered with traffic on the road in any way. [That] evidence was sufficient to shift to plaintiff the burden of raising a question of fact [with respect] to defendant['s] knowledge that the dog had previously interfered with traffic. However, plaintiff's evidence that the dog was occasionally allowed to run loose and would then sometimes go into the road is insufficient to raise a question of fact on [that] issue" (*Alia v Fiorina*, 39 AD3d 1068, 1069).

Contrary to the contention of plaintiffs and the majority's

conclusion, "[p]laintiffs failed to raise an issue of fact whether defendant[] had actual or constructive notice of the dog's propensity to interfere with vehicular traffic" (*Roberts v Joller*, 39 AD3d 1224, 1225 [internal quotation marks omitted]).  "Proof that a dog roamed the neighborhood or occasionally ran into the road is insufficient [to raise a triable issue of fact], although proof that the dog had a habit of chasing vehicles or otherwise interfering with traffic could constitute a vicious propensity" (*Rigley v Utter*, 53 AD3d 755, 756).  "At most, the evidence established that defendant[ was] aware that the dog would run [to] the road from time to time.  [We] conclude that, in the absence of evidence that defendant[] knew or should have known that [her] dog was vicious or had a propensity to interfere with vehicular traffic, there is no factual basis for a finding of negligence" (*Nilsen v Johnson*, 191 AD2d 930, 931).  We therefore would reverse the order, grant the motion and dismiss the complaint.

Entered:  April 29, 2011                         Patricia L. Morgan
                                                 Clerk of the Court