# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

500

CA 10-02321

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

RUSSELL J. ROCKWOOD, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES LABATE AND LOIS LABATE,
DEFENDANTS-APPELLANTS.

---

MITCHELL GORIS & STOKES, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered May 20, 2010 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a motorcycle accident when he attempted to avoid hitting defendants' dog, which had entered the road. Supreme Court denied defendants' motion seeking summary judgment dismissing the complaint. That was error. It is well established that the negligence of the owners of a domestic animal is not a basis for liability for injuries caused by the animal (*see Petrone v Fernandez*, 12 NY3d 546, 550). Liability may be established only if the owners knew or should have known that the animal had a vicious propensity (*see Collier v Zambito*, 1 NY3d 444, 446), which includes a propensity to interfere with traffic (*see Myers v MacCrea*, 61 AD3d 1385).

It is undisputed that, on the date of the accident, defendant Lois LaBate closed the gate on the six-foot chain link fence surrounding defendants' yard but failed to secure it and that the dog pushed open the gate and ran down the 100-foot driveway and into the road. In support of their motion, however, defendants established that the dog had never been unrestrained outside of the confines of their yard prior to that date. Further, defendants submitted plaintiff's deposition testimony that he lived one-quarter mile from defendants' house and that he passed defendants' house at least twice per day and had never seen the dog prior to the date of the accident. We therefore conclude that defendants established their entitlement to

judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We further conclude that plaintiff failed to raise a triable issue of fact whether the dog had a propensity to interfere with traffic based upon defendant's testimony that the dog ran inside the confines of the yard and went to the fence to "follow noise."  "In view . . . of the absence of any evidence that the dog . . . exhibited a . . . propensity [to interfere with traffic] prior to the incident involving the . . . plaintiff, no triable issue was raised" (*Bernstein v Penny Whistle Toys, Inc.*, 40 AD3d 224, 224, *affd* 10 NY3d 787; *see Myers*, 61 AD3d 1385; *see generally Petrone*, 12 NY3d at 550).  We therefore reverse the order, grant the motion and dismiss the complaint.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court