Scudder, P.J., and Smith, J. (dissenting).
We respectfully dissent inasmuch as we conclude that Supreme Court erred in denying defendant’s motion seeking summary judgment dismissing the complaint. It is well settled that the sole viable claim against the owner of a domestic animal that causes injury is for strict liability and, to establish such liability, there 'must be evidence that the animal’s owner had notice of its vicious propensities. The Court of Appeals has often “restated [its] long-standing rule That the owner of a domestic animal who either knows or should have known of that animal’s vicious propensities will be held liable for the harm the animal causes as a result of those propensities. Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation’ ” (Bard v Jahnke, 6 NY3d 592, 596-597 [2006], quoting Collier v Zambito, 1 NY3d 444, 446 [2004] [internal quotation marks and citations omitted]; see Petrone v Fernandez, 12 NY3d 546, 550 [2009]). Consequently, “a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal’s vicious propensities or of its habit of interfering with traffic” (Staller v Westfall, 225 AD2d 885 [1996]; see Sinon v Anastasi, 244 AD2d 973 [1997]).
Here, contrary to the majority’s conclusion, defendant established in support of the motion that she had no knowledge of any vicious propensities of the dog or its tendency to interfere with traffic. We have frequently stated that defendants in this type of case will meet “their initial burden by submitting evidence establishing that they lacked actual or constructive knowledge that . . . the . . . dog[ ] had a propensity to interfere with traffic on the road” (Myers v MacCrea, 61 AD3d 1385, 1386 [2009]). “Here, defendant ] established that, although [her] dog had occasionally run into the road . . . , [she] knew of no incidents when it had ever charged or chased vehicles or impeded the flow of traffic. Nor had [she] received any complaints that the dog had ever interfered with traffic on the road in any way. [That] evidence was sufficient to shift to plaintiff the burden of raising a question of fact [with respect] to defendant’s] knowledge that the dog had previously interfered with traffic. However, plaintiffs evidence that the *1495 dog was occasionally allowed to run loose and would then sometimes go into the road is insufficient to raise a question of fact on [that] issue” (Alia v Fiorina, 39 AD3d 1068, 1069 [2007]).
Contrary to the contention of plaintiffs and the majority’s conclusion, “[p]laintiffs failed to raise an issue of fact whether defendant! ] had actual or constructive notice of the dog’s propensity to interfere with vehicular traffic” (Roberts v Joller, 39 AD3d 1224,1225 [2007] [internal quotation marks omitted]). “Proof that a dog roamed the neighborhood or occasionally ran into the road is insufficient [to raise a triable issue of fact], although proof that the dog had a habit of chasing vehicles or otherwise interfering with traffic could constitute a vicious propensity” (Rigley v Utter, 53 AD3d 755, 756 [2008]). “At most, the evidence established that defendant[was] aware that the dog would run [to] the road from time to time. We conclude that, in the absence of evidence that defendant! ] knew or should have known that [her] dog was vicious or had a propensity to interfere with vehicular traffic, there is no factual basis for a finding of negligence” (Nilsen v Johnson, 191 AD2d 930, 931 [1993]). We therefore would reverse the order, grant the motion and dismiss the complaint. Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.