Spain, J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered July 16, 2012 in Saratoga County, which, among other things, granted defendants’ cross motion for summary judgment dismissing the complaint.
When plaintiff rode her bicycle past defendants’ residence, she noticed defendants’ dog, Dudley, running back and forth along the front boundary of defendants’ property and barking. After passing defendants’ residence, plaintiff turned around at a cul-de-sac and again rode past defendants’ residence. At this point, Dudley allegedly ran from the property into the road and in front of the bicycle, causing plaintiff to inadvertently strike him and fall from her bicycle, sustaining injuries.
Alleging both negligence and strict liability, plaintiff commenced this action. Thereafter, plaintiff moved for partial summary judgment on the issue of strict liability, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs motion and granted defendants’ cross motion. On plaintiffs appeal, we affirm.
It is well settled that a cause of action for ordinary negligence does not lie against the owner of a dog that causes injury (see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 597-599 [2006]; Morse v Colombo, 31 AD3d 916, 917 [2006]; cf. Doerr v Goldsmith, 110 AD3d 453, 454-455 [2013]; see also Hastings v Sauve, 21 NY3d 122, 125-126 [2013]). The sole viable claim against the owner of a dog that causes injury is one for strict liability (see Bard v Jahnke, 6 NY3d at 596-597, 599; Alia v Fiorina, 39 AD3d 1068, 1069 [2007]). To *1047 establish strict liability, “there must be evidence that the animal’s owner had notice of its vicious propensities” (Alia v Fiorina, 39 AD3D at 1069; see Collier v Zambito, 1 NY3d 444, 446-447 [2004]). “Vicious propensities include the ‘propensity to do any act that might endanger the safety of the persons and property of others in a given situation’ ” (Collier v Zambito, 1 NY3d at 446, quoting Dickson v McCoy, 39 NY 400, 403 [1868]). Indeed, “a dog’s habit of chasing vehicles or otherwise interfering with traffic could be a ‘vicious propensity’ ” (Alia v Fiorina, 39 AD3d at 1069). Therefore, in a case such as this, in the absence of proof that Dudley has a history of chasing bicycles or vehicles or otherwise interfering with traffic, “there is no basis for the imposition of strict liability” (id. at 1069; see e.g. Smith v Reilly, 17 NY3d 895, 896 [2011]; Berg v Chawgo, 277 AD2d 620, 620 [2000]). Notably, evidence that a dog has a history of barking and running around is insufficient, by itself, to establish a vicious propensity, as such actions “are consistent with normal canine behavior” (Collier v Zambito, 1 NY3d at 447).
In reviewing the award of summary judgment to defendants, we view the evidence in the light most favorable to plaintiff, the opponent of that motion (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). Here, defendants established that, although they had previously observed Dudley running back and forth within the invisible fence barking at passing cars and bicycles, they never observed him leave the fenced in area to chase bicycles or cars or to interfere with traffic. This evidence was sufficient to shift the burden to plaintiff to raise a triable question of fact as to whether defendants knew or should have known that their dog had previously interfered with traffic or engaged in conduct giving rise to an inference of vicious propensities (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Alia v Fiorina, 39 AD3d at 1069). Plaintiffs evidence that Dudley would bark at passing traffic and run back and forth in defendants’ yard is insufficient to raise a question of fact as to whether he had a propensity to run into the road or interfere with traffic (see Smith v Reilly, 17 NY3d at 896; Collier v Zambito, 1 NY3d at 447; Illian v Butler, 66 AD3d 1312, 1314 [2009]). Finally, given our conclusion that plaintiffs claim is determined solely by application of principles of strict liability, any evidence that the defendants’ invisible fence was improperly maintained is irrelevant.
Peters, EJ., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.