# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1141**
**CA 15-00591**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

WAYNE ANTINORE, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

JOHN IVISON, DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., ROCHESTER (SEAN P. KELLEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN TROP, ROCHESTER (TIFFANY LEE D'ANGELO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered June 6, 2014. The order granted the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he collided with a dog owned by defendant while riding his bicycle in front of defendant's house. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. As the Court of Appeals recently reaffirmed, a cause of action for ordinary negligence does not lie against the owner of a dog that causes injury, and thus the court properly granted defendant's motion for summary judgment dismissing the complaint to the extent that it was premised on defendant's purported negligence in handling his dog (*see Doerr v Goldsmith*, 25 NY3d 1114, 1116; *see also Smith v Reilly*, 17 NY3d 895, 896; *Petrone v Fernandez*, 12 NY3d 546, 547-551; *Collier v Zambito*, 1 NY3d 444, 446). Further, we conclude that the court properly granted defendant's motion with respect to plaintiff's strict liability claim. Defendant met his initial burden by establishing that he lacked actual or constructive knowledge that the dog had a propensity to interfere with traffic on the road (*see Myers v MacCrea*, 61 AD3d 1385, 1386; *see also Doerr*, 25 NY3d at 1116; *Smith*, 17 NY3d at 896; *Buicko v Neto*, 112 AD3d 1046, 1046-1047), and plaintiff failed to raise a triable issue of fact (*see Buicko*, 112 AD3d at 1046-1047; *Myers*, 61 AD3d at 1386; *see also Smith*, 17 NY3d at 896; *Collier*, 1 NY3d at 447).

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court