Tina Esposito, Appellant, 
against
Sophronia Larig Also Known as SOPHIA LARIG and EYAL DAN, Respondents, -and- "JOHN DOE" and "JANE DOE," Undertenants.



Appeal from an order of the Civil Court of the City of New York, Kings County (Maria Milin, J.), entered June 9, 2014. The order, insofar as appealed from, denied landlord's cross motion for, among other things, summary judgment on the petition, to dismiss tenants' rent-overcharge counterclaims, and for an award of use and occupancy, and granted tenants' "cross motion" for summary judgment dismissing the petition, in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of landlord's cross motion seeking to dismiss tenants' rent-overcharge counterclaims is granted; as so modified, the order is affirmed, without costs.
Landlord commenced this holdover proceeding alleging that she had terminated tenants' month-to-month tenancy and that tenants were not rent stabilized because the apartment had been deregulated by virtue "of high rent vacancy deregulation" (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.2). Tenants answered, asserting, among other things, that they are rent stabilized, and counterclaimed for rent overcharges. Insofar as is relevant to this appeal, in an order dated June 9, 2014, the Civil Court, among other things, granted a "cross motion" by tenants for summary judgment dismissing the petition, holding that the apartment was not "high rent" deregulated, and denied a cross motion by landlord seeking, among other things, summary judgment on the petition, to dismiss tenants' rent-overcharge counterclaims, and an award of use and occupancy pendente lite.
On this appeal, landlord has abandoned her claim that she is entitled to a negotiated first rent because the apartment is "high rent" deregulated, now asserting only that she is entitled to a negotiated first rent based on the fact that the apartment was created from the combination of two apartments, a claim that landlord first raised in opposition to tenants' "cross motion" for summary judgment dismissing the petition. Landlord claims that an unpleaded "defense" can be relied [*2]upon in opposition to a motion for summary judgment.
At the outset, we note that we agree with the Civil Court's determination that landlord's claim that she is entitled to a negotiated first rent because the apartment was deregulated by virtue of "high rent" deregulation following a vacancy has no merit. Rent Stabilization Code (RSC) (9 NYCRR) former § 2526.1 (a) (3) (iii), which was applicable until January 8, 2014, governed landlord's right to recover a negotiated first rent following a vacancy. It provided, in pertinent part:
"(iii) Where a housing accommodation is vacant or temporarily exempt from regulation pursuant to section 2520.11 of this Title on the base date, the legal regulated rent shall be the rent agreed to by the owner and the first rent stabilized tenant taking occupancy after such vacancy or temporary exemption, and reserved in a lease or rental agreement. . . ."
By its terms, this provision was applicable only where the first tenant after a vacancy was a "rent stabilized tenant" (see Gordon v 305 Riverside Corp., 93 AD3d 590 [2012]). Thus, as tenants, who moved in after the vacancy, were not offered a rent-stabilized lease, landlord was not entitled to charge a first rent of $3,000 based on the fact that the apartment had been vacant or exempt prior to tenants' taking possession. 
Contrary to landlord's contention on this appeal, landlord is not using the unpleaded theory—that she is entitled to a negotiated first rent because the apartment was deregulated as the result of the combination of two apartments—as a "defense." Rather, landlord is the petitioner in this proceeding and seeks to use the unpleaded theory as a basis to recover possession. However, new theories of liability that were not previously alleged in the pleadings cannot be raised in opposition to a motion for summary judgment (see Slacin v Aquafredda, 2 AD3d 624 [2003]). In any event, landlord has not come forward with admissible proof showing the extent of work done and the movement of perimeter walls, as is required to establish entitlement to a first rent based on changes to the perimeter and dimensions of a housing accommodation (see DHCR Operational Bulletin 95-2; cf. 300 W. 49th St. Assoc. v New York State Division of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d 250 [1995]). 
Landlord further contends that tenants' rent-overcharge counterclaims should have been dismissed as untimely, as no judgment may be entered for an overcharge that accrued more than four years before the claim was interposed (CPLR 213-a). Here, tenants' counterclaims were interposed on August 30, 2011, and tenants paid no rent after August 30, 2007. Tenants argue in response that the counterclaims are timely with respect to the August 2007 rent.
We agree with landlord that tenants' rent-overcharge counterclaims should have been dismissed. CPLR 213-a provides that an "action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged." In Crimmins v Handler & Co. (249 AD2d 89, 91 [1998]), the Appellate Division construed this language "to mean that the action must be brought within four years of the first month for which damages are sought to be recovered." Here, the record indicates that tenants last paid rent in August 2007. As the overcharge counterclaim was not interposed until August 30, 2011, and the August 2007 rent was due and payable on August 1, 2007, the overcharge counterclaim is untimely and should have been dismissed.
Landlord's contention that it should be awarded use and occupancy must be rejected, as there is no basis for such an award where the petition in a summary proceeding is dismissed (see 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Lee v Pakemon, NYLJ, Nov. 24, 1994 [App Term, 2d Dept, 2d & 11th Jud Dists]; Community League of W. 159th St. v Cesar, NYLJ, Apr. 21, 1989 [App Term, 1st Dept]; Four Forty-one Holding Corp. v Bloom, 148 Misc 565 [App Term, 1st Dept 1933]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of landlord's cross motion seeking to dismiss tenants' rent-overcharge counterclaims is granted.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 13, 2016